## NEWELL v. BYRAM et al.

Circuit Court of Appeals, Eighth Circuit.
May 4, 1928.

No. 7955.

1. Removal of causes ⊕═19(9)—Suits against receivers appointed in United States courts for acts done under color of office are removable; "officers" (Jud. Code, § 33 [28 USCA § 76]).

Receivers appointed by a United States court are "officers" of that court, within the meaning of Judicial Code, § 33 (28 USCA § 76), providing for removal of suits commenced in state courts against officers of courts of United States on account of acts done under color of office.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

2. Removal of causes ⊕═21—Action against railroad's receivers appointed in federal court for injuries resulting from alleged negligent operation of railroad held properly removed as one against officer of United States court (Jud. Code, § 33 [28 USCA § 76]).

Action against receivers of railroad appointed in United States District Court for negligent operation of road, whereby plaintiff was injured, having been removed to the federal court, held not subject to remand, under Judicial Code, § 33 (28 USCA § 76), which provides for removal of suits against officers of the United States courts for "or on account of any act done under color of his office, or in the performance of his duties as such officer," though record did not show that receivers had lawful right to commit negligent acts, or that they personally acted in the commission of the alleged negligence.

In Error to the District Court of the United States for the District of Minnesota; Joseph W. Molyneaux, Judge.

Action by Nora Newell against H. E. Byram and others, commenced in the state court and removed to the federal court. An order was entered denying plaintiff's motion to remand (18 F.(2d) 657), and plaintiff brings error. Affirmed.

Samuel A. Anderson, of St. Paul, Minn., for plaintiff in error.

A. C. Erdall, of Minneapolis, Minn. (F. W. Root and C. O. Newcomb, both of Minneapolis, Minn., on the brief), for defendants in error.

Before WALTER H. SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

WALTER H. SANBORN, Circuit Judge. [1] The provisions of the statutes of the United States by which the questions in this case must be decided are contained in this extract from title 28, § 76, USCA (section 33, Judicial Code; Comp. Stat. § 1015):

"When any civil suit or criminal prosecution is commenced in any court of a state * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the District Court next to be holden in the district where the same is pending upon the petition of such defendant to said District Court."

Receivers appointed by a court of the United States are officers of that court within the meaning of this statute.

The facts which condition the decision of the questions raised in this case are these:

On September 8, 1926, Nora Newell, the plaintiff, commenced this action against H. E. Byram, Mark W. Potter, and Edward J. Brundage, who had been duly appointed, had taken possession of, and were operating in the performance of their duties as such receivers pursuant to the orders of the United States District Court for the District of Minnesota, the Chicago, Milwaukee & St. Paul Railway, to recover of them $30,000 damages on account of a personal injury which she alleged that they, as receivers, had inflicted upon her by their negligent and wrongful failure properly to operate their crossing gates at a railroad crossing in Minneapolis, Minn., while she was crossing the railroad and they were operating it as receivers. In this action she joined with these receivers as defendants, Jacob Vogt, their gateman, and Walter Crouch, their engineer on the locomotive which drew the train that she alleged injured her. She averred that these receivers were at the time of her alleged injury in possession of and operating this railroad, and that they and the defendant Crouch drove the engine drawing the train over the crossing at a speed of 12 miles an

hour, and wrongfully failed to give any warning signal and without closing the gates.

The defendants on November 17, 1926, answered this complaint that the receivers were in possession of and operating the railroad, that Vogt and Crouch were their employees at the time of the alleged negligence, denied any negligence, and alleged that whatever injuries the plaintiff sustained were caused by her own want of care.

On November 27, 1926, the receivers presented their petition to the United States District Court below for the issuance of its writ of certiorari to the state court, for a removal of this suit from that court to the United States court under and pursuant to title 28, § 76, U. S. C., above quoted. In their petition they alleged the commencement of the plaintiff's action against them as receivers, their appointment as receivers of the railroad by the court below, their possession and operation thereof under its orders at the time of the alleged injuries, and they attached to their petition and made a part of it the complaint of the plaintiff. The court below on November 27, 1926, issued the writ of certiorari and removed the case to the federal court. On December 10, 1926, the plaintiff made a motion to remand the case to the state court, and filed an answer to the petition for the writ of certiorari, in which she alleged that it appeared from her complaint, and the fact was, that her cause of action "is based upon common-law negligence of said defendants, and each of them; * * * that the negligence charged against the defendants, and each of them, consists in the failure to operate and close the crossing gates furnished and existing and equipped for such purpose, the operation of which was specifically committed to the charge of the defendant Jacob Vogt, and negligence of the defendant receivers through their locomotive engineer in charge of the train specified, said engineer being defendant Walter Crouch, in that he operated said train at said time at an unlawful rate of speed." This answer also specifically denied "the allegations in said petition (for the writ) to the effect that the supposed facts set forth in the complaint and alleged to constitute a cause of action against said receivers arises from or on account of acts done by said receivers under color of their office, within the meaning and purport of said statutes referred to in said petition, but alleges that said cause of action is based solely upon negligence of said receivers and said two other defendants as employees of said receivers."

The court below, after serious consideration, on January 13, 1927, denied the motion to remand, but on a petition for a reargument of the motion to dismiss the writ and remand the case a reargument was granted, and after consideration on March 18, 1927, the court made an order reaffirming the order denying the motion to remand.

[2] When the plaintiff's petition to dismiss the writ of certiorari and her motions to remand this case to the state court were made and denied, the pleadings in the case established these facts. This action was commenced in a court of a state against these receivers, who were officers of the United States court below, on account of acts done by them in the operating of the railroad in their possession by order and authority of the court below in the performance of their duties as such officers. There was but one disputed fact. The plaintiff had alleged that they had operated the railroad negligently to her injury. The petition for the writ of certiorari alleged, and the record disclosed, acts done by these receivers under color of their office and in the performance of their duties as receivers, on account of which, on or about September 8, 1926, the plaintiff brought this action against them as receivers. These facts seem to make this action clearly removable under the statute quoted.

It is, however, ably and forcibly contended that, because (1) the record did not by pleading or proof show that the receivers had the lawful right as such to commit the alleged negligent acts charged by the plaintiff, and (2) the record did not by pleading or proof show that the receivers personally and officially acted in the commission of the alleged negligence, but only that the negligence arose from the operation and management by them as receivers of the property intrusted to their care, this action was not removable. Slover v. Chicago, M. & St. P. R. Co. (D. C.) 16 F.(2d) 609, 611. But it was the Congress of the United States that prescribed in section 33 of the Judicial Code (section 76 of the U. S. C., title 28), the terms and conditions of the removability of the action in hand. Neither court nor counsel may lawfully add to, subtract from, or change those terms or conditions. We have considered the arguments of counsel and repeatedly read the controlling statutes, but have been unable to find there the imposition of either of the conditions suggested upon the right to remove this action. In Cleveland, etc., Co. v. McClung, 119 U. S. 454, 460, 461, 7 S. Ct. 262, 266 (30 L. Ed. 465), Chief Justice Waite, delivering the opinion of the Supreme Court,

26 F.(2d)—13½

upon the question of the removal of that case, said:

"The removal was under section 643 of the Revised Statutes [28 USCA § 76], which provides, among other things, for the removal of 'a civil suit * * * commenced in any court of a state against an officer appointed under or acting by authority of any revenue law of the United States, * * * on account of any act done under color of his office.' * * * Clearly, then, according to the allegations of the petition, the suit is for an act done by the collector under color of his office. This is not seriously denied, but the claim is that, as the defendant insists, and the court below has decided, that it was not the official duty of the collector to collect the carrier's money, and, therefore, that he is not liable for the acts of his deputy in that behalf, the suit is really one that could not be removed. But the petition alleges an act done by the collector under color of his office, and seeks a recovery on that account. Such a suit is removable, and certainly the right to a removal is not taken away because the collector says in his defense that the act charged was not in fact done. If done by him, it was done under color of his office. The thing to be tried is whether it was done."

The removability of actions of this character under section 33 of the Judicial Code has been generally sustained in the courts of the United States, since the decision of the cases of Matarazzo v. Hustis (1919 D. C.) 256 F. 882, 887, Barnette v. Wells Fargo Nat. Bank, 270 U. S. 438, 441, 46 S. Ct. 326, 70 L. Ed. 669, and Berens, Jr., v. Byram et al., Receivers, 26 F.(2d) 953, opinion of Hon. Jas. D. Elliott, United States District Judge, South Dakota, filed May 27, 1927. There have been many other decisions of the United States District Courts to the same effect, which have not been printed or published.

We have no doubt that the orders of the court below with reference to the removal of this case were right, and they are affirmed.