**Pearl CHRISTIANSEN, Plaintiff,**

**v.**

**R. J. WITTE, Defendant.**

Civ. No. 141-59.

United States District Court
D. Oregon.

June 17, 1959.

**760**

Frank H. Pozzi, Peterson, Pozzi & Lent, Portland, Or., for plaintiff.

Gordon Moore, Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, Or., for defendant.

EAST, District Judge.

The above entitled action was instituted in the Circuit Court of the State of Oregon for Multnomah County. As appears from plaintiff's complaint, her alleged cause of action against the defendant consists of her allegations that she was operating an automobile in a northerly direction on a public street in Portland, Oregon, at a time that the defendant was operating an automobile in a westerly direction on a public street in said city at a point near the intersection of said two streets and that there was a collision between said two automobiles. The plaintiff alleges that the causation was the negligent operation by the defendant of the automobile he was operating and that as a result thereof she sustained permanent injuries.

Upon the petition of the defendant, the above entitled cause was removed to this Court, and it appears that paragraph III of the defendant's Petition for Removal as aforesaid alleges:

"That the defendant at the time of the accident complained of in plaintiff's complaint was an officer and agent of the United States and has been sued for an act alleged to have occurred while defendant was furthering and prosecuting said office, to-wit: that defendant, at the time of the accident complained of in said complaint, was in the United States Postal Service and was operating a United States Postal vehicle actively engaged in United States Post Office work."

The plaintiff has now filed her Motion to Remand the cause of the State Court aforesaid, and the matter has been heard by this Court.

■■ The basis for the defendant's resistance to a remand of the cause is that at the time he was operating his motor vehicle he was in the employ of the United States Government and then engaged in the performance of his duties in connection with said employment; therefore, pursuant to the provisions of Title 28 U.S.C.A. § 1442, that this Court should retain jurisdiction. It is settled in this Court that the allegations of the Petition for Removal may be considered as to the removability of any given cause. O'Campo v. Hardisty, D.C., 147 F.Supp. 850, at page 852.

The defendant relies upon the above entitled cited case as authority for the retention by this Court of the above entitled matter. In the case above cited, agents of the Internal Revenue Service were charged with the common law crime of a conspiracy with others to ruin and destroy plaintiff's business and reputation. It appears from reading the facts of the cited case that throughout the transactions defendants were operating in the furtherance of their duties as such agency to enforce certain processes that had been issued and that each and all acts and conduct of the defendants were in the furtherance of these duties. This Court agrees that, under the circumstances, the Federal Court had jurisdiction of the matter under Title 28, § 1442, supra, to retain jurisdiction, and since by reason of their acts being in connection

with their duties as Federal employees, were immune from suit. This Court concludes that this case is not controlling.

A more like case, and the one relied upon by the plaintiff, is Fink v. Gerrish, D.C.S.D.N.Y., 149 F.Supp. 915, 916. It appears that in this case the petition for removal alleged:

"This action is one for personal injuries and property damage alleged to have been sustained by the plaintiff when he was struck by an automobile operated by the defendants.

"That said automobile was being used by the defendants within the scope of their employment as employees of the U. S. Department of Justice, Immigration and Naturalization Service."—

and in considering a motion to remand to the Municipal Court of the City of New York from which it was removed, the Court, through Murphy, D. J., said:

"It would seem that the test for removal is not whether the government employee was acting in the performance of his duties, but rather whether the act complained of was under color of such office or of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. * * * * "

Judge Murphy drew his position by way of analogy from Gay v. Ruff, 1934, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, and concluded that:

" * * * While it is true that the government agents here were operating a government-owned automobile in the performance of their duties it does not follow nor is it claimed that the negligent operation of such car was an act done under color of their office as immigration officers."

I conclude that this authority is analogous to the situation at hand and is the law of the matter.

Therefore, It Is Hereby Considered, Adjudged and Ordered that the above entitled cause be and the same is hereby remanded to the Circuit Court of the State of Oregon for Multnomah County.