Harry J. EBERSOLE
and
Mary Faye Ebersole
v.
John L. HELM.
Civ. A. No. 27729.

United States District Court
E. D. Pennsylvania.

May 16, 1960.

Henry F. Gingrich, Lancaster, Pa., for plaintiffs.

Charles M. Donnelly, Asst. U. S. Atty., Philadelphia, Pa. (Walter E. Alessandroni, U. S. Atty.), Philadelphia, Pa., for defendant.

GOODRICH, Circuit Judge.

This is a normal negligence action. Both plaintiffs and defendant are residents of Lancaster County, Pennsylvania, and the amount in controversy is only $1,930. In January 1959, plaintiffs' car and a United States Post Office truck

driven by defendant, a postal employee in the course of his employment, collided at an intersection in Lancaster County. Plaintiffs, alleging that defendant was negligent in driving the truck, brought a suit in trespass in the Court of Common Pleas of Lancaster County. Defendant, contending that the words "under color of such office" in 28 U.S.C.A. § 1442(a) (1) [1] mean no more than "in the course and scope of his employment," files a petition for removal under that section. Plaintiffs, contending that the action is not removable, seek a remand to the Court of Common Pleas of Lancaster County, Pennsylvania.

■■ The court reaches the conclusion that the action is not removable. It is true that the language of the statute is in pretty broad terms. But the construction which the defendant seeks to give it produces a result which seems completely incongruous. Undoubtedly the Congress meant to protect certain types of action by federal officers in the course of their duties by allowing suits against them to be removed to federal courts. The legislation has a long history which, with its amendments, will be found discussed in Hart & Wechsler, The Federal Courts and the Federal System, 1147 et seq. (1953). But there is nothing done "under color of such office" in this common type of traffic accident. The postal truck driver is no more acting under color of a federal office in driving a truck than is the driver of a similar vehicle distributing Coca Cola to retailers. The same would be true if the driver of this truck had been operating his own car between his house and the post office where he worked. No doubt he may well have been within the scope and course of his employment when this accident occurred. But to make scope and course of employment the test for "color of office" is, it is thought, to twist the statute out of its rational construction and go far beyond anything the Congress could possibly have intended in its enactment.

Nobody can pretend that the course of decision on this subject has been uniform. But two recent cases support the view above expressed: Christiansen v. Witte, D.C.D.Or.1959, 175 F.Supp. 759; Fink v. Gerrish, D.C.S.D.N.Y.1957, 149 F.Supp. 915. See also, State of Oklahoma v. Willingham, D.C.E.D.Okla.1956, 143 F.Supp. 445.

The case will be remanded to the Court of Common Pleas of Lancaster County, Pennsylvania.

---

[1] "§ 1442. Federal officers sued or prosecuted

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."