**Elizabeth M. NAAS, to her own use and to the use and benefit of Service Fire Insurance Company**

v.

**A/1C Felton MITCHELL.**

**Civ. A. No. 13698.**

United States District Court
D. Maryland.
Sept. 15, 1964.

Rollins, Smalkin, Weston & Andrew;
Leo A. Hughes, Jr., and Raymond Faby,
Baltimore, Md., for plaintiffs.

Thomas J. Kenney, U. S. Atty., and
Robert W. Kernan, Asst. U. S. Atty., Dist.
of Maryland, for the United States.

R. DORSEY WATKINS, District
Judge.

Plaintiff Naas filed suit in the People's
Court of Baltimore City against the de-
fendant an Airman, First Class, in the
United States Air Force assigned to the
1001st Supply Squadron stationed at An-
drews Air Force Base, Maryland to re-
cover to her own use and to the use and
benefit of her insurer, Service Fire In-
surance Company, property damages in
the amount of $250.00 sustained when a
motor vehicle owned by the United States
Government and operated by the defend-
ant airman collided with plaintiff's auto-
mobile, negligence on the part of the
defendant being alleged as the sole cause
of the accident. At the time in question
the defendant's duty assignment was that
of refueling operator, which assignment
required him to drive a tractor-trailer
unit consisting of a tractor and a gaso-
line type refueling trailer unit to haul
aircraft fuel from a storage area to the
flight line and maintenance area for the
purpose of refueling United States mili-
tary aircraft. When the accident occur-
red defendant, on the instructions of his
superior, was returning from the flight
line to a refueling area for the purpose
of refueling his unit. Under these cir-
cumstances defendant claimed that plain-
tiff's suit against him in the People's
Court of Baltimore City was a civil prose-
cution against a member of the armed
forces of the United States on account
of an act done under color of his office
or status and therefore removable to this
court under the provisions of section
1442a of Title 28 U.S.C.A. Defendant,
represented by the United States Attor-
ney for the District of Maryland, made
a motion for removal and the case came
before this court for a hearing on the
merits.

The parties stipulated as to damages
in the amount of $208.64 and at the con-
clusion of the hearing the court indicated
that liability on the part of the defend-
ant had been established. However, the
court refrained from entering judgment
in favor of the plaintiff pending a con-
sideration of whether or not the case
had been properly removed to the United
States District Court from the People's
Court of Baltimore. The court raised
this question sua sponte, referred the
Government to various authorities and
requested that research be undertaken on
this point.

Section 1442a of Title 28 U.S.C.A. pro-
vides in pertinent part:

"A civil or criminal prosecution
in a court of a State of the United
States against a member of the
armed forces of the United States
on account of an act done under color
of his office or status, or in respect
to which he claims any right, title,
or authority under a law of the Unit-
ed States respecting the armed forc-
es thereof, or under the law of war,

may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending * * *"

No case under this section has been cited to the court, or found by independent research, dealing specifically with the issue of the propriety of removal of a suit brought to recover damages caused by the alleged negligent operation of a motor vehicle by a member of the armed forces. However, the test for removal under section 1442a would appear to be the same as for removal under section 1442(a) (1) which reads:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

Under both section 1442a and section 1442(a) (1) removal is authorized where the act complained of was under color of office. In view of the "comparable" language of the two sections (1A Moore's Federal Practice, section 0.164 [2], page 830), the court in construing the meaning of section 1442a will consider the history behind the enactment of section 1442(a) (1) and the cases arising under this latter section.

Under the facts in the instant case it is clear that at the time of the accident the defendant, a member of the armed services, was driving a motor vehicle owned by the United States Government in the performance of his assigned duties and was acting within the scope of his office or employment, but acting in the performance of one's duties or acting within the scope of one's office or employment is not synonymous with acting under color of office. Congress has not used these terms interchangeably but rather has used them in the various sections authorizing removal with a nice regard for their specific, definite and distinctive meanings.

■ That the phrase "color of such office" permits removal only in those cases where the act complained of bears a causal relationship to the defendant's official duties is made clear by a review of the history and purpose of section 1442. It has been described as having:

" * * * originated in 1833 during the 'nullification' controversy between the United States and South Carolina. Its purpose was to protect those charged with the enforcement of the federal revenue laws from prosecutions in a state court for violations of state law. See State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648, where its constitutionality was upheld. The section appears as Section 643 of the Revised Statutes and in 1875 was extended to include officers of either house of Congress while engaged in discharging their official duties, 18 Stat. 371, 401. In 1916 the section was amended and the removal privilege extended to any officer of the courts of the United States as noted above. 39 Stat. 532." (Ampey v. Thornton, D.C.D. Minn.1946, 65 F.Supp. 216, 217).

In State of Tennessee v. Davis, 1879, 10 Otto 257, 100 U.S. 257, 25 L.Ed. 648, the Supreme Court set forth the reasons behind the enactment of section 643 of the Revised Statutes, the original predecessor section of section 1442 as follows: [1]

1. Although the case removed, Tennessee v. Davis, supra, was a criminal prosecution that "does not in itself render

* * * [its] teaching any less pertinent for § 1442 applies to both civil actions and criminal prosecutions, as did

"* * * It [the Federal Government] can act only through its officers and agents, and they must act within the States. If, when thus acting, and *within the scope of their authority*, those officers can be arrested and brought to trial in a State court, for an alleged offence against the law of the State, yet *warranted by the Federal authority* they possess, and if the general government is powerless to interfere at once for their protection,—if their protection must be left to the action of the State court, —the operations of the general government may at any time be arrested at the will of one of its members. The legislation of a State may be unfriendly. It may affix penalties to acts done *under the immediate direction of the national government*, and *in obedience to its laws*. It may deny the authority conferred by those laws. The State court may administer not only the laws of the State, but equally Federal law, in such a manner as to paralyze the operations of the government. And even if, after trial and final judgment in the State Court, the case can be brought into the United States court for review, the officer is withdrawn from the discharge of his duty during the pendency of the prosecution, and the exercise of acknowledged Federal power arrested." (Tennessee v. Davis, 100 U.S. 257, 263; emphasis supplied).

In view of the history of, and the purpose behind,[2] the enactment of section 1442 the court concludes that by the use of the phrase "color of office" as a basis for removal Congress intended that the act complained of bear a causal relationship to the defendant's official duties.

■ This conclusion and the further conclusion, reached by this court after a consideration of and analysis of the reported cases on point, that the negligent operation of a government motor vehicle by a government employee or a member of the armed services while acting within the scope of his office or employment bears no such causal relationship to his official duties as is required to authorize removal are conclusions supported by the vast majority of the cases, and, in this court's opinion, are supported by the better and more carefully reasoned opinions[3] such as Galbert v. Shivley, D.C.W.D.Ark.1960, 186 F.Supp. 150; Ebersole v. Helm, D.C.E.D. Penn.1960, 185 F.Supp. 277; Goldfarb v. Muller, D.C.D.N.J.1959, 181 F.Supp. 41; Christiansen v. Witte, D.C.D.Or. 1959, 175 F.Supp. 759; Fink v. Gerrish, D.C.S.D.N.Y.1957, 149 F.Supp. 915; and State of Oklahoma v. Willingham, D.C. E.D.Okla.1956, 143 F.Supp. 445. The rationale of these cases is well summarized

---

the former statute, 28 U.S.C. § 76" (1940 Edition), and that statute's predecessor, section 643 of the Revised Statutes. (Goldfarb v. Muller, D.C.D. N.J.1959, 181 F.Supp. 41, 47).

2. For a more comprehensive review of section 1442, its predecessor sections and the Supreme Court opinions construing them see: Hart-Wechsler, The Federal Courts and the Federal System, 1147 et seq., 1953 Edition; 1A Moore's Federal Practice, section 0.164 [2], pages 828–838.

3. The cases relied upon by the Government are far from persuasive. In Pepper v. Sherrill, D.C.E.D.Tenn.1958, 181 F.Supp. 40, the court disposed of the issue in one paragraph citing only one

case to support its decision, which case, Brann v. McBurnett, D.C.E.D.Ark.1939, 29 F.Supp. 188, arose under subsection (a) (3) of section 1442 where the test for removal includes acts done "in the performance of his duties as such officer", a test different from one limited to acts done "under color of his office." In Underhill v. Tabbutt, D.C.E.D.Penn. 1945, 62 F.Supp. 11, the court with no discussion or citation of authority whatsoever merely concluded as a matter of law that it had jurisdiction. In Newell v. Byram, 8th Cir. 1928, 26 F.2d 200, again the court was proceeding under what is now subsection (a) (3) of section 1442 where the test of removability includes acts done "in the performance of his duties as such officer."

by Circuit Judge Phillip Forman, specially designated to sit in the district court, in his excellent opinion in Goldfarb v. Muller, D.C.D.N.J.1959, 181 F. Supp. 41, 47, where he stated:

"I see no evidence that Congress desired that removal be made available to *all* federal employees whenever they are sued or prosecuted in a state court for an act done in the performance of their duties. Indeed, in the Symes case, supra [State of Colorado v. Symes, 1932, 286 U. S. 510, 52 S.Ct. 635, 76 L.Ed. 1253], the Court said:

"'* * * Federal officers and employees are not, merely because they are such, granted immunity from prosecution in state courts for crimes against state law. Congress is not to be deemed to have intended that jurisdiction to try persons accused of violating the laws of a state should we wrested from its courts in the absence of a full disclosure of the facts constituting the grounds on which they claim protection under section 33.' State of Colorado v. Symes, 286 U.S. at page 518, 52 S.Ct. at page 637.

"True the statute has been expanded since the time of the Symes case. But as was said in State of Oklahoma v. Willingham, supra [143 F. Supp. 447], 'Revised Section 1442 made no change in the theory or basis for removal. It merely extended its application to "all officers [and employees] of the United States or any agency thereof."' The fact that Symes emanated from a criminal proceeding and that Willingham was a criminal case, does not in itself render their teaching any less pertinent for § 1442 applies to both civil actions and criminal prosecutions, as did the former statute, 28 U.S.C. § 76.

"There is no official connection between the act complained of and Davidson's official duties. The mere fact that he was driving a mail truck does not present any federal question or defense under federal law.

"As Judge Rice said in State of Oklahoma v. Willingham, supra, 143 F.Supp. at page 448:

"'* * * There is no official connection between the acts complained of and the official duties of the mail carrier. The mere fact that the defendant was on duty and delivering mail along his route does not present any federal question or defense under federal law. The efficient operation and administration of the work of the Post Office Department does not require a carrier, while delivering mail to drive his car from a stopped position into the path of an approaching automobile. When he is charged with doing so, his defense is under state law and is not different from that of any other citizen.'"

And similarly Circuit Judge Herbert F. Goodrich, apparently designated to sit in the district court, stated in Ebersole v. Helm, D.C.E.D.Penn.1960, 185 F.Supp. 277, 278:

"* * * But there is nothing done 'under color of such office' in this common type of traffic accident. The postal truck driver is no more acting under color of a federal office in driving a truck than is the driver of a similar vehicle distributing Coca Cola to retailers. The same would be true if the driver of this truck had been operating his own car between his house and the post office where he worked. No doubt he may well have been within the scope and course of his employment when this accident occurred. But to make scope and course of employment the test for 'color of office' is, it is thought, to twist the statute out of its rational construction and go far beyond anything the Congress could possibly have intended in its enactment."

 Congress in this field of removal statutes knew what it meant and knew how to state what it meant. When the test of the propriety of removal was an act done "under color of * * * office" or on account of "any right, title or authority" claimed under a law of the United States it was so expressly stated. (Title 28 U.S.C.A. § 1442(a) (1); § 1442a). When the test was an act done by any officer of the courts of the United States "under color of office *or in the performance of his duties*," [4] it was so stated (Title 28 U.S.C.A. § 1442(a) (3); emphasis supplied), and when the basis for removal in cases of suits against government employees for damage resulting from the operation of a motor vehicle was to be predicated merely upon the fact that the employee was acting within the scope of his office or employment Congress provided:

> "Upon a certification by the Attorney General that the defendant employee was acting *within the scope of his employment* at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court *shall be removed* without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto." (Title 28 U.S.C.A. § 2679(d); emphasis supplied).

Had section 2679 been in effect at the time of the accident herein involved, removal of the People's Court case to this court and treating the proceeding thereafter as one against the United States would have been proper. To this court the necessity for the enactment of section 2679 justifies the court's conclusion that a suit to recover damages for negligent operation of a motor vehicle by a government employee was never, and was never meant to be, removable under section 1442, or, in the case of a member of the armed services, under section 1442a.

The case, having been improperly removed to this court, is hereby remanded to the People's Court of Baltimore City.

---

4. The term "acting within the scope of his office or employment" as used in the Federal Tort Claims Act where said term is defined by statute as meaning, in the case of a member of the military, "acting in line of duty" (Title 28 U.S.C.A. § 2671) has quite recently been held merely to invoke the state law of respondeat superior and accordingly a soldier setting fire to a house by smoking in bed was found not to be acting in line of duty. (Merritt v. United States, 1 Cir. 1964, 332 F.2d 397).