**Ivey L. GARNER, Jr., Appellant,**

v.

**Ralph N. RATHBURN, Appellee.**

**No. 7964.**

United States Court of Appeals
Tenth Circuit.

June 2, 1965.

Dwight D. Murphey, Denver, Colo. (Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., on the brief), for appellant.

Morton Hollander, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., Alan S. Rosenthal and Walter H. Fleischer, Attys., Dept. of Justice, on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an action for damages due allegedly to defendant's negligence which injured plaintiff's ankle and leg. The

defendant (who is appellee here), through the United States Attorney, moved to dismiss the action on the ground that the acts complained of were committed by the defendant in the performance of his duties as an officer and employee of the United States for which the defendant has absolute immunity. The court below treated the motion, which was filed under Rule 12(b), as a Motion for Summary Judgment under Rule 56 and granted defendant's motion by attributing to the defendant an absolute immunity from suit. From the granting of the motion, the plaintiff has appealed.

The pleadings and the stipulations disclose the following facts: Appellant Garner was an enlisted man in the United States Air Force assigned to Lowry Air Force Base, Denver, Colorado, and was detailed by his unit to the 3415th Civil Engineer's Group to work as a member of an asphalt laying crew performing street repairing operations on the base. Appellee Rathburn was a civilian foreman in charge of the work crew to which Garner was assigned. From the stipulations, it is learned that Rathburn's position was that of Roads and Grounds Maintenance Foreman. Thru six crew leaders, he supervised approximately fifty-eight employees and had direct responsibility for a considerable amount of construction equipment. The complaint alleged that on June 24, 1963, as a result of defendant's negligent conduct of the work operations and his negligently causing defective equipment to be used, an asphalt spreader ran over and severely injured plaintiff's leg. A second claim for relief alleges that the defendant's negligence was wanton and reckless.

The sole question for review is whether or not appellee is immune or has a privilege from suit by virtue of his status of employment with the Federal Government.

■■■ The law applicable in determining the question of immunity is judged by federal standards since the authority of defendant to act is derived from federal sources and because the reason for the privilege or immunity is to promote the effective functioning of the Federal Government. Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L. Ed.2d 1454 (1959). The federal standard of immunity indicates that officials of the Federal Government are not personally liable for alleged torts which result from acts done within the framework or scope of their duties which necessarily involve the exercise of discretion which public policy requires be made without fear of personal liability.[1] Nor does the factor of malice destroy this immunity.[2] The purpose for the rule of the immunity is obvious. Government officials must be free to perform their duties unafraid that what they do may result in personal damage suits. Suits, as the Supreme Court said in Barr v. Matteo, supra, note 1, " * * * which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government."

The immunity with which we are concerned here is of judicial origin.[3] The first immunity was extended to the judiciary,[4] then to legislative and administrative officers.[5] The trend of cases of

---

1. E. g., Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440 (1938); Ove Gustavsson Contracting Co., Inc. v. Floete, 2 Cir., 299 F.2d 655 (1962).

2. Gregoire v. Biddle, 177 F.2d 579 (2nd Cir. 1949); and Barr v. Matteo, supra, note. 1.

3. The Constitution only provides a privilege for members of Congress from arrest and for speech and debate while in session. U.S.Const. Art. 1, § 6.

4. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871).

5. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 1239 (2nd Cir. 1926), affd. per curiam, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); Stand-

recent date seems to expand the immunity down even to so-called minor officials of the government.[6] In Barr v. Matteo, supra, the Supreme Court said, "We do not think that the principle announced in Vilas [Spalding v. Vilas, supra, note 1] can properly be restricted to executive officers of cabinet rank, and in fact it never has been so restricted by the lower federal courts. The privilege is not a badge or emolument of exalted office, but an expression of a policy designed to aid in the effective functioning of government."

Let us now turn to the facts in this case. Rathburn was supervisor of the pavements maintenance section. This section had the responsibility of maintaining all the roads, streets and pavements on the base, including the air field. The masonry and concrete units were responsible for modification, repair and maintenance of all concrete work on the base and at the Titan Missile Site. Directly responsible to him are six crew leaders and approximately fifty-eight men over whom he exercises complete authority.[7] From these facts, it seems clear to us that he occupied a significant position with the government. He was much more than a mere menial employee who only takes orders and never gives any or who only performs minor ministerial tasks.

■ It is clear from the record that the alleged act or acts of negligence com-

plained of were performed by Rathburn within the scope of his duties. Furthermore, like the trial court, we believe that the defendant's duties as supervisor constantly demanded the exercise of judgment and discretion over his men and equipment, although we do not place much significance on this ministerial discretionary distinction. However, we do recognize that the more discretion and judgment one must exercise in his job the more necessary that he be allowed to do so without fear of reprisal. As Judge Medina said in Ove Gustavsson Contracting Co. v. Floete, supra, note 1, 299 F.2d at p. 659, "There is no litmus paper test to distinguish acts of discretion, * * * and to require a finding of 'discretion' would merely postpone, for one step in the process of reasoning, the determination of the real question—is the act complained of the result of a judgment or decision which it is necessary that the Government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability?" This "necessity" test, if we may call it that, seems to us the most reasonable way to decide the immunity question. In each case we must look to see if the public good, by being advanced through more effective and efficient governmental action, necessitates the granting of this immunity. At best, the proposition requires a delicate balance between the public good on the one

ard Nut Margarine Co. of Florida v. Mellon, 63 App.D.C. 339, 72 F.2d 557 (1934); Cooper v. O'Connor, 69 App. D.C. 100, 99 F.2d 135 (1938). For an excellent discussion of the history of a list of protected officers, see 22 U.Chi.L.Rev. 641 (1955).

6. E. G. O'Campo v. Hardisty, 262 F.2d 621 (9th Cir. 1958) and Hartline v. Clary, 141 F.Supp. 151 (E.D.S.Carolina, 1956), both involved Internal Revenue Agents; DeBusk v. Harvin, 212 F.2d 143 (5th Cir. 1954), involved officers of Veterans Administration Regional Office; Preble v. Johnson, 275 F.2d 275 (10th Cir. 1960) concerned a GS–10 who was director of a maintenance control program at a Naval Training Center; and

United States ex rel. McNeill v. Tarumianz, 141 F.Supp. 739 (D.C.Del.1956) involved a State Psychiatrist and Superintendent of State Hospital.

7. Exhibit 15 *indicates that defendant* makes the work assignments and constantly reviews work in progress to assure compliance with quality standards, orients new employees, makes recommendations for promotions, commendations and disciplinary action, grants leaves and settles minor grievances and explains rules and regulations to employees, recommends methods of accomplishing work more efficiently, types of equipment to be used and instructs workers in easier and more efficient ways to accomplish work.

hand and an individual's right to be compensated for a personal wrong on the other.[8]

When we apply these principles to the appellee here, we believe he must be accorded immunity. It appears to us that his functions, in relation to an important military installation, are such that to expose him to damage suits for his acts would likely inhibit the performance of his duties to the public's detriment.

Affirmed.

8. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).