J. Darrel STONE, George F. Stiner, Gladys Stiner, and Bessie F. Stone, Plaintiffs,

v.

V. Lee PHILLIPS, Individually and as District Director Internal Revenue Service; Martin Tipton, Individually and as Revenue Officer, Defendants.

Civ. A. No. 9015.

United States District Court
D. Colorado.

July 6, 1965.

Jerry Alan Donley, Colorado Springs, Colo., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., United States of America, Washington, D. C., and David I. Shedroff, Asst. U. S.

248

Atty., District of Colorado, Denver, Colo., for defendants.

ARRAJ, Chief Judge.

This matter is before the Court on the motion of defendants to dismiss the amended complaint. Having examined the file, including the briefs in support and in opposition to the motion, and being fully advised in the premises, the Court is of the opinion that the motion should be granted.

Plaintiffs have brought this suit against the defendants both individually and in their capacities as revenue officers. The jurisdictional basis for the suit, particularly for certain of the claims, is highly vague and uncertain. Plaintiffs allege that they were wrongfully assessed by defendants, and proceed to state three "causes of action" in their complaint, basically stemming from the improper assessment. It is apparent that the direct financial loss resulting from the assessment and the request for injunctive relief against future levies are reliefs sought against the defendants in their representative capacities. The damages sought for slander of credit, humiliation, embarrassment, libel and slander of plaintiffs' names and loss of income, along with the request for punitive damages and body judgment and execution on the defendant, Martin Tipton, would seem to be claims against the defendants as individuals.

 Turning first to the allegations directed at the defendants in their capacities as revenue officers, it is apparent that Section 7421(a) of the Internal Revenue Code of 1954 permits injunctive relief against the assessment and collection of taxes only under very limited circumstances. The assessment must be shown to be a mere exaction in the guise of a tax and there must be present both special and extraordinary circumstances. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). This doctrine was elaborated upon in Enochs v. Williams Packing, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961), where it was made emi-

nently clear that an attempted collection may be enjoined only if the Government has virtually no chance of ultimately prevailing. Such is not the case here, therefore by the reasoning of Enochs, this Court has no jurisdiction to entertain the claim for injunctive relief.

Plaintiffs have placed heavy reliance on Mrizek v. Long, 187 F.Supp. 830 (N.D. Ill., E.D.1959) to sustain their claim for injunctive relief. Although Mrizek involved certain notice questions present also in the case at hand, it is distinguishable on several grounds, not the least important of which is that it was a complete penalty case.

 The proper place to determine the validity of the assessment is in a refund suit. Not only is this Court without jurisdiction to consider the claim for injunctive relief, but due to the present factual posture of the case, such a claim would seem to be moot.

 We turn now to those other claims which the Court has chosen to treat as claims against the individual defendants. The Court is unable to agree with defendants' conclusion that these claims are really against the United States Government. See Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Defendants cite Garner v. Rathburn, 232 F.Supp. 598, Case No. 7964, 346 F.2d 55; (10th Cir. June 1965) as being dispositive of these claims. We cannot agree with this contention either, for unlike the present case, the defendant in Garner was " * * * not alleged to have been exceeding his authority, or to have been acting outside the legitimate limits of his position." Supra, 232 F. Supp. at p. 599. Defendants couple the Garner case with affidavits herein presented, which attempt to show that they acted within the scope of their authority. We cannot accept those conclusionary affidavits for such a purpose at this time, for these documents cannot establish what is properly a conclusion for a court to draw only upon the presentation of factual evidence.

So, it may be that plaintiffs have some conceivable claim for damages against defendants. However, before it can be considered, plaintiffs must tender a second amended complaint, which clearly sets forth a jurisdictional basis, which pleads facts essential to show the claim and which does not seek refund of the assessment or injunctive relief. These latter two remedies are barred by the availability of a refund suit remedy. It is therefore

Ordered that defendants' motion to dismiss the claims for refund of the assessment and for injunctive relief be, and the same hereby is, granted, and those claims are hereby dismissed, and it is further

Ordered that defendants' motion to dismiss those claims which the Court has above discussed as claims against the individual defendants be, and the same hereby is, granted. Plaintiffs may reassert these claims by filing a second amended complaint conforming to the views expressed herein within twenty days from the date of this Order.