**STATE OF OHIO, Plaintiff,**

v.

**George J. DORKO, Defendant.**

**No. CR63–78.**

United States District Court
N. D. Ohio, W. D.

Dec. 15, 1965.

Gerald P. Openlander, Toledo, Ohio, for plaintiff.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for defendant.

DON J. YOUNG, District Judge.

The State of Ohio has moved to remand this criminal prosecution on the ground that its removal here pursuant to 28 U.S.C. § 1442a was improper.

Defendant's amended petition for removal, filed on his behalf by the United States Attorney, shows the following. Defendant was an enlisted man in the United States Navy assigned to recruiting duty in Findlay, Ohio at the time of the acts from which the indictment arose. As part of his duty defendant traveled to Defiance, Ohio in an automobile owned by the U. S. Navy and assigned to him for this recruiting trip. On his return trip to the Findlay office defendant's vehicle collided with another automobile, resulting in the death of a passenger in the other car. An indictment for second degree manslaughter was returned against defendant in Putnam County, Ohio.

Section 1442a provides as follows:

"A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States *on account of an act done under color of his office or status*, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may \* \* \* be removed for trial into the district court \* \* \*."

This statute was enacted in 1916 as Article 117 of the Articles of War.[1] It has

---

1. Act of Aug. 29, 1916, § 3, 39 Stat. 619, 669.

since undergone several inconsequential amendments [2] and has appeared in three different titles of the Code.[3]

The meaning of the language "under color of his office or status" is crucial to a determination of the proper disposition of this motion. The State of Ohio claims that this phrase "does not include the driving of an automobile on the highways but rather, refers to what might be termed as the exercise of a discretionary act in an executive capacity." Defendant, on the other hand, would give these words a broad reading, one that would make removal available to all servicemen involved in state court litigation because of acts done in performance of their duties.

Both court and counsel have found very few decisions applying this statute.[4] Only one reported case deals specifically with the removal of a criminal matter.[5] In Funk v. State, 84 Tex.Cr.R. 402, 208 S.W. 509 (1919), the Texas court refused the removal petition of a soldier indicted for a murder committed while the soldier "was engaged in an enterprise in no wise connected with or incident to his duty as a soldier." Id. at 511.

A recent decision involving the removal of a civil suit arising out of the alleged negligence of a member of the Air Force in the operation of a government motor vehicle gives thorough consideration to the proper construction of this statute. Naas v. Mitchell, 233 F. Supp. 414 (D.Md.1964). We subscribe to the position taken by Judge Watkins that such a suit was never meant to be removable under Section 1442a and therefore must remand this action. The fact that the present case is a criminal matter is unimportant. The statute makes no distinction between civil and criminal cases.

Due to the paucity of case law applying Section 1442a Judge Watkins found it necessary, as do we, to examine the decisions construing 28 U.S.C. § 1442(a) (1), a statute which provides in sweeping terms for the removal of any civil or criminal prosecution commenced in a state court against "[a]ny officer of the United States or any agency thereof, or person acting under him, *for any act under color of such office * * *.*"

In Fink v. Gerrish, 149 F.Supp. 915 (S.D.N.Y.1957), two immigration officers attempted removal of a negligence action filed in New York Municipal Court on the ground that the automobile they were driving (and which struck plaintiff) was being used in the scope of their employment. In both Ebersole v. Helm, 185 F.Supp. 277 (E.D.Pa.1960) and Goldfarb v. Muller, 181 F.Supp. 41 (D.N.J. 1959), a federal postal employee sought removal of a negligence action arising out of a collision between the plaintiff's automobile and a post office truck driven by defendant. And in Galbert v. Shivley, 186 F.Supp. 150 (W.D.Ark. 1960), an officer in charge of the Veterans Administration in Pine Bluff, Arkansas likewise

2. Act of June 4, 1920, Art. 117, 41 Stat. 759, 811; Act of June 24, 1948, § 242, 62 Stat. 642; Act of May 5, 1950, § 9, 64 Stat. 146; Act of Aug. 10, 1956, § 19(a), 70A Stat. 626.

3. The statute appeared in 10 U.S.C. § 1589 until 1950, then in 50 U.S.C. § 738, and was finally located in Title 28 with the other removal statutes in 1956.

4. In 1928 a writer observed that "the military forces have not used the privilege of the 117th Article of War to any great extent." Strayhorn, The Immunity of Federal Officers from State Prosecutions, 6 N.C.L.Rev. 123, 132 (1928). "It is the present policy of the military authorities to use habeas corpus under Title 28, Section 453, whenever they wish to take a soldier out of State custody. Article of War 117 is very little used." Id. at 132, n. 43.

5. In State of Maryland v. Chapman, 101 F.Supp. 335 (D.Md.1951), an Air Force pilot was indicted for manslaughter in Prince George's County. The cases were removed "on the ground that the acts performed by the defendant were in the course of his official duties as a federal officer. There has been no question raised as to the propriety of this removal of the cases." Id. at 337. Although no statute is cited, the court's language is framed in terms of 28 U.S.C. § 1442(a) (1), rather than 28 U.S.C. § 1442a.

sought removal of a personal injury action which arose out of a traffic accident. The officer claimed that he was acting under color of his office in driving a government car for the purpose of making property inspections for the Veterans Administration.

■ In each case the federal district court remanded to the state courts. The opinions make it clear that color of office is not synonymous with performance of duties. For, "to make scope and course of employment the test for 'color of office' is, it is thought, to twist the statute out of its rational construction and go far beyond anything the Congress could possibly have intended in its enactment." Ebersole v. Helm, supra, 185 F.Supp. at 278. Other cases have reached this same conclusion. Christiansen v. Witte, 175 F.Supp. 759 (D.Ore. 1959) (negligence action against postal employee); State of Oklahoma v. Willingham, 143 F.Supp. 445 (E.D.Okla.1956) (traffic violation by postal employee). And of course there are also contrary decisions. Pepper v. Sherill, 181 F.Supp. 40 (E.D.Tenn.1958) (negligence action against postal employee); Underhill v. Tabbutt, 62 F. Supp. 11 (E.D.Pa.1945). These and other cases refusing remand are adequately criticized in Goldfarb v. Muller, supra, 181 F.Supp. at 44–46, and Naas v. Mitchell, supra, 233 F.Supp. at 417 n. 3.

The United States Attorney urges that the cogent reasoning of the above cited cases which deny removal under Section 1442(a) (1) is inapplicable to an action under Section 1442a. It is contended that the words "or status" which follow "under color of office" in Section 1442a indicate an intent on the part of Congress to broaden the protection afforded members of the armed services.

We are unconvinced. While there may conceivably arise a situation in which the conduct of a member of the armed services is better characterized as an action under color of status rather than under color of office, neither characterization fits the present case. Defendant Dorko's actions in driving a government vehicle from one recruiting station to another, while within the scope of his employment, were not done under color of his office or status.

■ It may well be that military personnel require greater protection from potential local interest and prejudice than the civilian federal employee, for the military member is usually a stranger to the state forum, but this is a matter within the province of the Congress and not the court. As Judge Watkins stated in Naas v. Mitchell, 233 F.Supp. 414, 419 (D.Md. 1964):

"Congress in this field of removal statutes knew what it meant and knew how to state what it meant. When the test of the propriety of removal was an act done 'under color of * * * office' or on account of 'any right, title or authority' claimed under a law of the United States it was so expressly stated. (Title 28 U.S.C.A. § 1442(a) (1); § 1442a). When the test was an act done by any officer of the courts of the United States 'under color of office *or in the performance of his duties*,' it was so stated (Title 28 U.S.C.A. § 1442 (a) (3); emphasis supplied) * * *."

We add in support of this convincing reasoning the fact that the predecessor statutes of 28 U.S.C. § 1442a and 28 U.S.C. § 1442(a) (3) were enacted within six days of each other.[6]

For the foregoing reasons this action will be remanded to the Putnam County Common Pleas Court.

6. The predecessor of 28 U.S.C. § 1442(a) (3) was enacted on August 23, 1916, 39 Stat. 532. On August 29, 1916, the provisions of 28 U.S.C. § 1442a were enacted. 39 Stat. 669.