**Daniel MORGAN, Appellant,**

v.

**John T. WILLINGHAM, and C. A. Jarvis, Appellees.**

**No. 9281.**

United States Court of Appeals Tenth Circuit.

Oct. 5, 1967.

---

Daniel Morgan, pro se.

Newell A. George, U. S. Atty. and James R. Ward, Asst. U. S. Atty., Topeka, Kan., for appellees.

Before MURRAH, Chief Judge, WILBUR K. MILLER,* Senior Circuit Judge and HICKEY, Circuit Judge.

MURRAH, Chief Judge.

This is an appeal from an order granting a motion for summary judgment in favor of appellees Willingham and Jarvis and dismissing the complaint and cause of action brought against them by appellant, a prisoner at the United States Penitentiary, Leavenworth, Kansas.

Morgan filed this action for damages totaling more than $93,000,000 in the Leavenworth County District Court. The summons and complaint named Willingham and Jarvis, the Warden and Chief Medical Officer at the Penitentiary as the principal defendants.[1] The appellees, through their attorney, filed a general answer in the Leavenworth County District Court. The action was then removed to the United States District Court for the District of Kansas.[2]

The appellant then filed a verified motion to remand the cause to the state court. This motion was denied but the trial court stated that it would consider a renewed motion if the facts, as subsequently developed, showed the defendants were not acting under color of office.

In substance, the complaint[3] charged that Willingham, Jarvis and others ordered unqualified penitentiary inmates to inoculate the appellant with a "delete-rious foreign substance, serum, or drug" which resulted in permanent injury to him. The complaint further alleged that Willingham, Jarvis and others "out of malice * * * did willfully, wantonly or wrongfully, and contrary to the law, assault, batter, club, choke and torture the plaintiff severely injuring [him]."

The appellees then filed a motion for summary judgment and included affidavits of both Willingham and Jarvis. Appellant filed a verified opposition to the motion for summary judgment. In granting the motion, the trial court held that the plaintiff failed to "overcome the undisputed fact that all of the activities of the defendants Willingham and Jarvis and their conduct come within the ambit of their duties and responsibilities as Warden and Chief Medical Officer respectively of the penitentiary and the charge that they acted maliciously and. without provocation or while under the influence of intoxicating liquor does not remove or restrict the broad rule of immunity."

This appeal presents two major issues which although related must be treated separately since the authority for the court's action comes from different sources. The primary issue is whether the court properly granted appellee's petition for removal or whether it erred in failing to remand the cause to the state court. The secondary issue is whether the trial court correctly found appellees immune from prosecution and granted summary judgment as to them. For the reasons which follow, we do not reach this secondary issue.

This action was removed to the federal courts under the provision of 28 U.S.

---

* Of the United States Court of Appeals for the District of Columbia sitting by designation.

1. Numerous unidentified individuals and corporations were also named as defendants. Since the complaint was never amended to properly identify them nor were they served with process, they did not become proper parties in the action below and we do not consider any claims against them in this opinion.

2. The record shows that all the requirements of 28 U.S.C. § 1446 were satisfied.

3. Five of the original ten counts were dismissed on motion of the appellant. Two of the remaining five counts relate to actions of the unidentified corporate defendants and form no part of this appeal. We are therefore only concerned with Counts IV, V and IX of the original complaint.

C. § 1442(a) (1). This section provides for removal of an action commenced in a state court if the defendants are officers of the United States or agency thereof or persons acting under such office and the act complained of was either "under color of such office" or "on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals." It cannot seriously be disputed that the appellees fall within the class of persons covered by the section. The more difficult question concerns whether the acts complained of were committed "under color of office."

It should first be emphasized that § 1442, like the common law doctrine of immunity, presents different standards for different classes of federal personages. An officer of the federal court may remove an action against him if the act was "under color of office or in the performance of his duties." § 1442(a) (3); and see Jones v. McGill, 46 F.2d 334 (D. New Hampshire 1931); Simpson v. McVey, 217 F.Supp. 575 (S.D.Ohio 1963). A congressional officer may remove an action if the act was "in the discharge of his official duty under an order of (either House of Congress)." § 1442(a) (4). In this respect, the removal statutes parallel the common law doctrine of immunity which applies broadly to judicial officers and narrowly to agents of the Executive Branch of the Federal Government.

There is abundant support for the proposition that the "color of office" test which applies to these appellees provides a rather limited basis for removal. State of Ohio v. Dorko, 247 F.Supp. 866 (N.D. Ohio 1965); Nass v. Mitchell, 233 F. Supp. 414 (D.Maryland 1964); Brenner v. Kelly, 201 F.Supp. 871 (D.Minn.1962); Goldfarb v. Muller, 181 F.Supp. 41 (D.N. J.1959). Those courts have rejected the contention that the words "under color of office" mean no more than "in the course and scope of employment." Circuit Judge Goodrich suggested that "to make scope and course of employment the test for 'color of office' is * * * to

twist the statute out of its rational construction and go far beyond anything that Congress could possibly have intended in its enactment (of the removal statutes)." Ebersole v. Helm, 185 F.Supp. 277, 278 (E.D.Penn.1960). This rationale accounts for the numerous decisions which hold that removal of a civil suit or criminal prosecution which resulted from the operation of a motor vehicle by one who was clearly acting within the course and scope of his official government employment is improper and that the case must be remanded to the state court. State of Ohio v. Dorko, supra; Nass v. Mitchell, supra; Galbert v. Shivley, 186 F.Supp. 150 (W.D.Ark.1960); Ebersole v. Helm, supra; Goldfarb v. Muller, supra; Fink v. Gerrish, 149 F. Supp. 915 (S.D.N.Y.1957); State of Oklahoma v. Willingham, 143 F.Supp. 445 (E.D.Okl.1956). Contra Pepper v. Sherrill, 181 F.Supp. 40 (E.D.Tenn. 1958); City of Norfolk v. McFarland, 143 F.Supp. 587 (E.D.Va.1956).

■ In Brenner v. Kelly, 201 F.Supp. 871 (D.Minn.1962), a case which is somewhat analogous to the case at bar, the court held that doctors employed in the Veterans' Administration Hospital were not entitled to remove a malpractice action originally filed in the state court. The holding seems to be premised on the belief that while federal doctors act under the color of office, when operating properly they are not required nor are they authorized to negligently treat patients entrusted to their care and when they do so, they do not act under color of office. To be eligible for removal the defendant must exclude the possibility that the suit is based on acts or conduct not justified by his federal duty. State of Maryland v. Soper, 270 U.S. 9, 33, 46 S.Ct. 185, 90 L.Ed 449.

■ In the case at bar, the trial court erroneously equated the standards which govern common law immunity with those which determine the statutory eligibility for removal of an action commenced in a state court. The only undisputed evidence was that the only contact the

appellees had with the appellant occurred within the walls of the penitentiary.[4] While this may have adequately supported the finding of immunity, we find it insufficient to support the requisite determination that the alleged acts were performed under "color of office."

■ We are thus faced with an apparent divergence in the criteria for the removal of proceedings against federal officers in the state courts and the criteria for determining if the federal officer is immune from prosecution in suit for damages in the federal court. While this divergence is indeed regrettable, its cause is not unrecognizable. The doctrine of official immunity stems from a common law doctrine which has been expanded by the courts in recent decisions.[5] The test for removal is not based on the evolution of the common law doctrine of immunity, but is a creature of statute and the courts are bound by the language of the statute. The test for removal is not the same as the test for immunity for the former is much narrower than the latter. If these standards are to be equated it must be done through legislative action and not through judicial expansion of the removal statutes.

We conclude that the record fails to establish that the alleged acts were committed under "color of office." The cause must be remanded for a factual determination of this issue.[6] If the evidence does not establish that the alleged acts were committed under "color of office", the cause must be remanded to the state court.

Reversed and remanded.

---

4. We agree that the conclusionary statements contained in the appellant's verified answer to the motion for summary judgments were inadmissible under Rule 56(e), Federal Rules of Civil Procedure. However, the statements in appellees' affidavits that their only contact with appellant was in performance of their duties was equally conclusionary and inadmissible. Stone v. Phillips, 245 F.Supp. 247 (D.Colo.1965)

5. Compare Norton v. McShane, 332 F.2d 855 (5 CA 1964) cert. den. 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274, with Kelley v. Dunne, 344 F.2d 129 (1 CA 1965).

6. It may be that the answers to some of appellant's interrogations would provide a factual basis for the determination of the removal question. We note that these interrogations were not answered nor do we find that appellees were excused from answering them.