**LITVAK MEAT COMPANY, Plaintiff,**

v.

**Joe PADILLA, Defendant.**

**Civ. A. No. 79–K–243.**

United States District Court,
D. Colorado.

May 2, 1979.

H. R. McCollister, Denver, Colo., for plaintiff.

William C. Danks, Asst. U. S. Atty., Denver, Colo., for defendant.

## ORDER OF DISMISSAL

KANE, District Judge.

This is an action for damages brought against a meat inspector employed by the United States Department of Agriculture. The action was originally filed in the state court and subsequently removed to this court. The matter is now before the court on defendant's motion to dismiss.

This action arises out of defendant's official action taken on January 22, 1979 when he ordered a production stoppage at plaintiff's business. Plaintiff contends that this action was improper and that it suffered monetary damages as a result of the five minute work stoppage. The complaint alleges that defendant, a government official, "by his conduct while assigned to duty at Plaintiff's establishment, committed official oppression, misconduct and abuse of authority while exercising his office, and Defendant has, for his own selfish and vindictive reasons, with intent, inflicted injury upon the Plaintiff." (Complaint ¶ 2.) In his motion to dismiss, defendant asserts that he is entitled to absolute governmental immunity.

It has been well established that federal employees, while acting within the scope of their duties, are entitled to official immunity in actions based on ordinary tort claims. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978). The doctrine of official immunity for torts allegedly committed by government employees has also been applied by the Tenth Circuit. In *Garner v. Rathburn,* 346 F.2d 55 (10th Cir. 1965), the court held that a suit based on negligence filed against a supervisor of a military paving maintenance crew was barred by the doctrine of official immunity. In that case the court stated the rationale for the doctrine:

The federal standard of immunity indicates that officials of the Federal Government are not personally liable for the alleged torts which result from acts done within the framework or scope of their duties which necessarily involve the exercise of discretion which public policy requires be made without fear of personal liability * * * The purpose for the rule of the immunity is obvious. Government officials must be free to perform their duties unafraid that what they do may result in personal damage suits. (Footnotes omitted.) 346 F.2d, at 56.

See also, *G. M. Leasing Corp. v. United States,* 560 F.2d 1011 (10th Cir. 1977).

It is critical to note that this action·does not involve a claim for violation of a constitutional right. The Supreme Court has recently held that federal officials are no longer entitled to official immunity for violations of constitutional rights, *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed. 895 (1978). In *Butz,* the court was careful not to overrule *Barr v. Matteo, supra,* and stated:

> Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss * * * [F]irm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits. 438 U.S., at 507–508, 98 S.Ct., at 2911, 57 L.Ed.2d, at 916–917.

Since plaintiff's complaint alleges that. defendant committed a common law tort during the course of his duties as an employee of the United States, defendant is entitled to the privilege of governmental immunity where a constitutional claim has not been made. Accordingly, it is

ORDERED that defendant's motion to dismiss is granted and that this complaint and civil action are hereby dismissed with prejudice, each party to bear its own costs.