Daniel MORGAN, Appellant,

v.

John T. WILLINGHAM and C. A. Jarvis,
Appellees.

No. 9281.

United States Court of Appeals,
Tenth Circuit.

April 21, 1970.

Thomas M. Van Cleave III, Denver, Colo., for appellant.

Richard E. Oxandale, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and James R. Ward, Asst. U. S. Atty., on the brief), for appellees.

Before MURRAH, Chief Judge, and BREITENSTEIN and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

Daniel Morgan, a prisoner at the United States Penitentiary, Leavenworth, Kansas, instituted this tort action in the Kansas courts against appellees Willingham and Jarvis, Warden and Chief Medical Officer at the Penitentia-

ry, to recover damages for injuries they allegedly inflicted on him during his confinement. The appellees removed the action to the District Court, which granted summary judgment for them. On first consideration of this matter we took the view that the case was not removable and therefore did not reach the court's summary judgment based on immunity. Morgan v. Willingham, 383 F. 2d 139 (10th Cir. 1967). On certiorari, the Supreme Court concluded that the case was removable and accordingly remanded it to us for further consideration of the trial court's summary judgment and any other remaining questions. Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). We have concluded that the affidavit proof was insufficient to overcome the verified pleadings and to support the summary judgment.

Morgan's complaint charged "that Willingham, Jarvis and others [maliciously] ordered unqualified penitentiary inmates to inoculate the appellant with a 'deleterious foreign substance, serum, or drug' which resulted in permanent injury to him" and that they "did willfully, wantonly or wrongfully, and contrary to the law, assault, batter, club, choke and torture the plaintiff severely injuring [him]." See Morgan v. Willingham, supra, 383 F.2d at 140.

After removal appellees sought summary judgment, submitting affidavits in which they stated that their "only contact * * * with said Daniel Morgan [was] inside the walls of the United States Penitentiary * * * and in performance of * * * ' official duties." In his verified motion to remand and his verified response to appellees' motion Morgan denied that appellees were acting in the performance of their official duties in doing the alleged acts and stated that they were on a "frolic" or "private excursion" of their own and were intoxicated at the time. In granting summary judgment the trial court found that Morgan had failed to "overcome the undisputed fact that all of the activities of the defendants Willingham

and Jarvis * * * come within the ambit of their duties and responsibilities as Warden and Chief Medical Officer respectively * * *."

Accepting as we do Mr. Justice Harlan's opinion in Barr v. Matteo, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959), the immunity of these government officers is absolute if the acts complained of were committed "within the outer perimeter of [their] line of duty," even though maliciously done. And see Chavez v. Kelley, 364 F. 2d 113 (10th Cir. 1966); Garner v. Rathburn, 346 F.2d 55 (10th Cir. 1965); Preble v. Johnson, 275 F.2d 275 (10th Cir. 1960). Indeed, the immunity doctrine would seem to be peculiarly applicable to a situation like ours, involving as it does the effective administration of a penal institution where close supervision and even discipline may be required. Courts do not supervise the execution of the penal sentences they impose. This function is rightly committed to the discretion of the executive, acting through the Department of Justice and the Bureau of Prisons; and judicial interference does not comport with effective administration.

But having balanced the societal interests in favor of immunity for acts done within the outer perimeter of line of duty, it seems only just to make reasonably sure that the acts to be immunized were, in fact, within that perimeter and in furtherance of the execution of the judgment. As Judge Learned Hand put it:

"The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers * * *. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him."

Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949), cited in Barr v. Matteo, supra.[1]

 This does not mean that a full-dress trial will be required in each instance to show scope of authority. As we said in another context, involving summary judgments in prisoner-warden suits:

"[W]e are acutely aware of the problems faced by a trial judge in screening the endless flow of pro se complaints by prisoners against their wardens. If actions of this nature brought by prisoners are permitted indiscriminately, they could seriously disrupt prison discipline and give 'jailhouse lawyers' a field day in the courts at great expense to the administration of justice and the public treasury. See Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963). The trial judge must have discretion in weeding the groundless fabrications from the genuine complaints."

Bethea v. Crouse, 417 F.2d 504, 509 (10th Cir. 1969). Even so, summary judgments cannot be made to rest on purely conclusory statements, either in pleading or affidavit form. Kletschka v. Driver, 411 F.2d 436, 449–450 (2d Cir. 1969). Immunity is a defense to the action which must be pleaded and proved and it is insufficient to say, as appellees do, that the acts complained of were within the limits of their authority or in furtherance of "matters committed by law to [their] control or supervision." Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896). These statements are merely legal conclusions on which immunity is made to rest. Fed.R.Civ.P. 56(e); cf. Kletschka v. Driver, supra, 411 F.2d at 449; and see Howard v. Lyons, 360 U.S. 593, 597–598, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959). They are insufficient to satisfy

the requirements of Rule 56. The judgment must therefore be reversed and the case remanded for a more adequate showing that the action complained of was in fact in the line of duty.

---

1. It is noteworthy that Mr. Justice Black's concurrence in Barr rested on the conclusion that Barr's action was "related more or less to general matters committed by law to his control and supervision," 360 U.S. at 578, 79 S.Ct. at 1343, and that Mr. Justice Stewart dissented for lack of an adequate showing that Barr's action was in the line of duty, Id. at 592, 79 S.Ct. 1335.