429 F.2d 1288
 Larry James DEARMAN, Appellant,
v.
Robert N. WOODSON, Penal Director for Kansas, Sherman H. Crouse, Warden, Kansas State Penitentiary, Roy F. Earls, Deputy Warden, Kansas State Penitentiary, William R. Barker, Acting Deputy Warden, Kansas State Penitentiary, Appellees.
 No. 617-69.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1970.
 
 Brooke W. Banbury, Denver, Colo., for appellant.
 Ernest C. Ballweg, Asst. Atty. Gen., Topeka, Kan. (Kent Frizzell, Atty. Gen., and Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan., on the brief) for appellees.
 Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 Appellant, an inmate of the Kansas State Penitentiary, filed his handwritten pro se civil action complaint in the United States District Court for the District of Kansas, against appellees. The complaint is inartfully drawn and consists of six pages. Generally, it attempts to state a cause of action for damages under 42 U.S.C. § 1983. Accompanying the complaint was a request for leave to proceed in forma pauperis. No summons was issued, no appearances were entered and no motions or pleadings were filed on behalf of any of the named defendants.
 
 
 2
 According to the record before us, the next and concluding action in the case was the filing of a Memorandum and Order signed by a judge of the court. Therein, the plaintiff was granted leave to file the complaint, to proceed in forma pauperis and the action was then dismissed for failure to state a cause of action.
 
 
 3
 Rule 8 commands that "all pleadings shall be so construed as to do substantial justice." The accepted philosophy of pleading under the Federal Rules is that they are little more than a general indication of the type of litigation involved. "A generalized summary of the case that affords fair notice is all that can be expected." 2 Moore F. P. 1613.
 
 
 4
 The handwritten pro se complaint alleged jurisdiction under 28 U.S. C. §§ 1331 and 1343; a right to recover damages under 42 U.S.C. § 1983; that he was an inmate of the Kansas State Penitentiary on the dates involved; the official capacities of the defendants; the infliction of cruel and unusual punishment upon him by the defendants, in that they refused to provide food for him during a period of 50½ hours in violation of his constitutional rights; and, a prayer for damages. These allegations were sufficient, under the Federal Civil Rules, to state a cause of action.
 
 
 5
 The trial judge, in bolstering his summary dismissal of the action, apparently took judicial notice of riot conditions existing at the penitentiary on the dates when appellant claims to have been damaged. Assuming that to have been proper, there certainly was no general public knowledge concerning the particular situation of appellant during the riots.
 
 
 6
 Outside the facts recited above, there is nothing in the record which informs this Court of the situation at the Kansas Penitentiary during the time in question. We have a general awareness of the "riot" atmosphere as related by the District Court, but we are unaware of the gravity of the situation insofar as it affected general prison life and this appellant. We are confronted with a record barren of any facts as to a riot[1] and asked on that basis to conclude as a matter of law, that 50½ hours of starvation was not cruel and unusual punishment. This we cannot do.
 
 
 7
 Cruel and unusual punishment, as a constitutional concept, is a principle which has not traditionally lent itself to precise definition.[2] However, we think it beyond dispute that a punishment may be cruel and unusual when, although applied in pursuit of legitimate penal aims, it goes beyond what is necessary to achieve those aims.
 
 
 8
 In Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969), we considered in fair detail the general principles governing prisoner complaints of constitutional deprivations. As we there noted, we are always hesitant to review matters of prison administration. But when the care, treatment or discipline of those confined amounts to a clear abuse or caprice on the part of prison officials, we will give cognizance to the complaint. The ultimate issue in the instant controversy poses exactly that question: Were the acts mere discipline in pursuit of quelling a prison disturbance or were they something more which amounted to a clear abuse or caprice, resulting in an infringement of constitutional rights?
 
 
 9
 We do not intend to herein express any opinion as to the merits of this case. We simply do not have adequate facts before us to determine whether the official actions were reasonable, merely discipline, and in pursuit of legitimate penal aims. To make any decision upon the merits of this case we must be presented with the facts and circumstances surrounding the withdrawal of food from appellant. Absent that critical information, the facts taken as true along with the reasonable inferences, state a cause of action upon which relief may be granted under 42 U.S.C. § 1983.
 
 
 10
 We are mindful of the sensitive task facing trial judges in deciding the merits of prisoner-warden suits.[3] However, we continue to abide by Judge Murrah's statement in Bethea v. Crouse, 417 F.2d at 506: "We have never turned a deaf ear to a bona fide claim for relief based upon the deprivation of a constitutional right when asserted by a federal or state prisoner * * * under the Civil Rights Act."
 
 
 11
 The order dismissing the action is set aside and the case is remanded for further proceedings consistent with the Federal Rules of Civil Procedure and this opinion.
 
 
 
 Notes:
 
 
 [1]
 The complaint itself is devoid of any references to a riot. The motion to rescind the court's order makes one brief reference to rioting when Dearman denied any participation in a riot
 
 
 [2]
 Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910); Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969); Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968); Wright v. McMann, 387 F.2d 519 (2d Cir. 1967); Jordon v. Fitzharris, 257 F.Supp. 674 (N.D.Cal.1966); Redding v. Pate, 220 F.Supp. 124 (N.D. Ill.1963)
 
 
 [3]
 Morgan v. Willingham, et al., 424 F.2d 200 (10th Cir. 1970); Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969)