Richard **BARGEN**, et al., Plaintiffs,

v.

The **DEPARTMENT OF DEFENSE**, et al., Defendants.

No. CV–R–84–258–ECR.

United States District Court, D. Nevada.

Nov. 14, 1985.

Richard Bargen, in pro. per.

William Maddox, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., and Gary B. Randall, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendants have objected to the portion of the Report and Recommendation of U.S. Magistrate Phyllis Halsey Atkins that recommends denial of their motion for summary judgment on Plaintiffs' claim for relief based on the alleged failure of Defendants to prepare an environmental impact statement (EIS). It is Plaintiffs' position that an EIS is required prior to the enactment of legislation by Congress that would withdraw over twenty-one thousand acres of public land from the public domain. The bulk of the land surrounds, and would be

used in connection with, a training and weapons testing area situate northeast of Fallon, Nevada, and known as the Bravo-20 Range.

The basis for the motion for summary judgment as to this issue is the fact that defendant Department of the Navy did prepare a "Final Environmental Assessment for Withdrawal of the Bravo-20 Bombing Range." After reviewing said assessment, the Department published a "finding of no significant impact" in the Federal Register. Only then did the Department of Interior submit to Congress the Navy's request for legislation withdrawing the public lands. It is the Defendants' position that the preparation of the Environmental Assessment and the notice and hearing procedure followed prior to the request to Congress satisfied their responsibilities under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq.

Plaintiffs argue that NEPA requirements have not been satisfied because the proposed withdrawal is only a part of a 10-year expansion plan that contemplates an expansion of, and new uses for, the Bombing Range. This contradicts the publication in the Federal Register (5/22/80 at page 34339), which states that no new uses are authorized by the proposed legislation and that any alterations from the land's present state would be addressed in subsequent, site-specific environmental documentation.

Magistrate Atkins notes that the Environmental Assessment is not as detailed as, nor the same as, an EIS. She mentions that the aircraft, ordinance and techniques employed at the Bombing Range have changed drastically since the early 1940s, when it was first put into use. There is no indication that any environmental documentation other than the assessment before the Court has ever been made. She notes that the use contemplated for the lands would make it unusable for any other purpose for an indefinite period of time. Unexploded bombs and projectiles tend to bury themselves below the surface or be covered by shifting sand, so that they are not readily observable. It is not economically feasible to attempt to clear such an area. The Magistrate also mentions that existing and potential public uses, such as oil and gas leasing, geothermal development, and wilderness preservation probably would be impossible or impracticable after withdrawal. Defendants have acknowledged, in their Answer to the Complaint, that the proposed withdrawal is "consistent" with a 10-year master plan for the Fallon Naval Air Station. That plan suggests that an increased number of aircraft would be flying over inhabited areas and that a contemplated weapons impact scoring system would call for the installation of a power line, an elevated access road, a tower with microwave transmitter, an elevated helicopter pad, and thirty-two miles of security fence.

Magistrate Atkins concludes that Defendants have not shown that the legislation will have no significant impact on the human environment, nor have they shown that the project is merely a continuation of the status quo. She finds that the Navy's finding of no significant impact was unreasonable under the circumstances.

Defendants' objections to the Magistrate's Report and Recommendation are premised on their contention that the adequacy of the Environmental Assessment was not properly before the Magistrate. They interpret the Complaint as alleging that no environmental study has been made, rather than that an inadequate study was made. Defendants contend that their responses and arguments have been focused on proving that the Environmental Assessment was made, so that they have not addressed properly the issue of its adequacy.

Plaintiffs are appearing *pro se.* Their pertinent allegations appear within the First Cause of Action section of the Complaint. Part III, Paragraph 18 asserts that Plaintiffs believe the Navy published in the Federal Register, in May 1982, a Notice of Intent to prepare an EIS for, among other things, a proposal to withdraw public lands surrounding and including bombing targets

near Fallon. Paragraph 24 alleges that NEPA requires an environmental review of all major federal agency actions that significantly impact the environment. Paragraph 33 states that the published Notice of Intent did not include land withdrawals for the Bravo-20 Bombing Range. (The Answer of Defendants admits the allegation of Paragraph 33). In Paragraph 34, Plaintiffs contend that, as of the date of the Complaint, there has not been any announced review of the environmental effects of the proposed land withdrawals. Paragraph 35 contains allegations that the land withdrawal at Bravo-20 has not been proposed for environmental review and *"is proceeding without* a legal and proper environmental impact study." (Emphasis in original.) Defendants denied both Paragraphs 34 and 35. Part IV, Paragraph 2 asserts that the Navy stands in violation of NEPA "due to its failure ... to conduct an environmental review as is mandatory prior to commencing a major federal agency action, an action that will result in a significant adverse impact on the quality of human life in central Nevada."

Part V contains the prayers for relief of the First Cause of Action. A writ of mandamus is asked for requiring, among other things, "the Secretary of the Navy to conduct a proper, scientific environmental impact study, as mandated by NEPA to address the environmental impacts of the land withdrawal...."

■ It is not the duty of a trial court to create a claim which the plaintiffs have not spelled out in their pleading. *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1484 (9th Cir.1984). On the other hand, a *pro se* complaint is held to less stringent standards than a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

■ A complaint is required merely to provide the opposing parties with notice as to what is at issue in the lawsuit; a specific legal theory need not be pleaded. *Electrical Const. & Main. v. Maeda Pacific Corp.*, 764 F.2d 619, 622 (9th Cir.1985). As stated in *Dearman v. Woodson*, 429 F.2d 1288 (10th Cir.1970), at 1289:

> "The accepted philosophy of pleading under the Federal Rules is that they are little more than a general indication of the type of litigation involved. 'A generalized summary of the case that affords fair notice is all that can be expected.' 2 Moore F.P. 1613."

The *Electrical Const. & Maint.* opinion, at 764 F.2d 623, quotes from Wright & Miller to the effect that a complaint should not be dismissed merely because the allegations don't support the legal theory the plaintiffs intend to pursue; "... the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Accord, Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir.1978). A court may deny a motion for summary judgment on the basis of a legal theory not embraced by the plaintiffs, just so the theory is supported by the facts alleged and the defendants are not prejudiced on the merits. *Hanson v. Hoffmann*, 628 F.2d 42, 53 n. 11 (D.C.Cir.1980). Prejudice to the defendants on the merits is unlikely where the new theory is raised in the plaintiff's opposition to a motion for summary judgment. *Foster Med. Corp. Emp. Pension Plan v. Healthco*, 753 F.2d 194, 197 (1st Cir.1985).

■ The foregoing principles control the determination of Defendants' argument that Plaintiffs' Complaint doesn't raise the issue of the adequacy of the Environmental Assessment herein. The Complaint does allege that the proposed land withdrawal is proceeding without a legal and proper environmental impact study. Also, the pleading contends that the Navy has violated NEPA by not conducting the environmental review mandated where the federal agency action will result in a significant adverse impact on the quality of human life in Nevada. Again, in the prayer for relief, Plaintiffs ask that the Secretary of the Navy be required to conduct a proper impact study.

Further, acceptance of the Magistrate's recommendation that the motion for sum-

mary judgment be denied on the NEPA issue would not prejudice Defendants on the merits. They still would be free to establish that their Environmental Assessment satisfies the requirements of NEPA. Their argument that the issue before the Magistrate was the existence of environmental documentation, and not its adequacy, will not sustain the granting of a summary judgment.

On page 9 of their objections to the Magistrate's Report and Recommendation, "Defendants reiterate that they have conducted a proper Environmental Assessment, properly concluded that the land withdrawal involved no significant impact, and properly published the conclusion." If there exists no genuine issue as to any material fact concerning the adequacy of the Assessment, Defendants would be entitled to summary judgment on the NEPA claim for relief.

■ 42 U.S.C. § 4332(2)(C) requires a detailed environmental impact statement whenever proposed legislation would significantly affect the quality of the human environment. The Environmental Assessment prepared by the Navy is not the same as an EIS. In fact, 40 C.F.R. § 1501.4(b) (1985) calls for the preparation of an environmental assessment in order for the Federal agency to determine whether to prepare an EIS. *Steamboaters v. F.E.R.C.*, 759 F.2d 1382, 1392–93 (9th Cir.1985). The agency's determination that there will be no significant impact, i.e., the preparation of an EIS is not required, will not be disturbed unless that determination is unreasonable. *Id.* at 1392; *Colorado River Indian Tribes v. Marsh*, 605 F.Supp. 1425, 1432 (D.C.Cal.1985).

■ The decision whether to prepare an EIS is not committed to the agency's discretion; an EIS *must* be prepared for an action that may significantly affect the quality of the human environment. *Foundation for North Am. Wild Sheep v. U.S.*, 681 F.2d 1172, 1177 n. 24 (9th Cir.1982). "The standard for determining whether the implementation of a proposal would significantly affect the quality of the human envi-

ronment is whether 'the plaintiff has alleged facts which, if true, show that the proposed project *may* significantly degrade some human environmental factor.'" (Citation omitted, emphasis in original.) *Id.* at 1177–78. The plaintiffs need not show that significant effects will in fact occur; an EIS must be prepared if they raise substantial questions as to whether the project may have such effects. *Id.* at 1178; *Steamboaters v. F.E.R.C.*, at 759 F.2d 1392. The cumulative impact must be addressed, that is, the impact of the new proposal on the environment when added to past, present and reasonably foreseeable future actions. *Colorado River Indian Tribes v. Marsh*, at 605 F.Supp. 1433. It is interesting to note that the Government saw fit to prepare an EIS before stationing a new type of jet aircraft at a long-established air base. *See Westside Property Owners v. Schlesinger*, 597 F.2d 1214, 1216 (9th Cir. 1979). An EIS is usually required where there is an irreversible and irretrievable commitment of a public resource, rather than a mere continuation of the status quo. *Confederated Tribes and Bands v. F.E.R.C.*, 746 F.2d 466, 476 (9th Cir.1984).

■ Plaintiffs have raised genuine issues of material fact as to whether implementation of the proposed legislation may significantly degrade the quality of human environment in central Nevada. The reasonableness of Defendants' decision not to prepare an EIS may not be decided as a matter of law on the basis of the present record.

The other findings and recommendations of the Magistrate have not been objected to, and they appear to be appropriate. In sum, after *de novo* review, the Report and Recommendation of Magistrate Atkins is accepted *in toto*.

IT IS, THEREFORE, HEREBY ORDERED as follows:

1. Defendants' motion for summary judgment as to Plaintiffs' Second Cause of Action, which is based on the Engle Act, is GRANTED; said claim for relief is hereby dismissed.

2. Defendants' motion for summary judgment as to Plaintiffs' First Cause of Action, which is based on NEPA, is DENIED.

3. Plaintiffs' cross-motion for summary judgment is DENIED.

4. Plaintiffs' motion for a temporary restraining order is DENIED.

5. Trial of this action on the merits shall be advanced and consolidated with the hearing on Plaintiffs' application for a preliminary injunction, pursuant to Fed.R.Civ.P. 65(a)(2).