**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANOS TOEVS,

     Plaintiff - Appellant,

v.

KEVIN MILYARD; RICK
RAEMISCH, CDOC, Executive
Director, in his official capacity;
ARISTEDES ZAVARES; CAPTAIN
WHITNEY; C.O. MERRILL; C.O.
RALSTON; BERNADETTE SCOTT;
SGT. CHRISTIANS, in their official
and individual capacities,

     Defendants - Appellees.

No. 13-1476
(D.C. No. 1:12-CV-02532-REB-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

     Plaintiff-Appellant Janos Toevs, a state prisoner proceeding pro se, appeals

from the partial dismissal of his civil-rights complaint and grant of summary

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

judgment for the defendants on the remaining claims. See Toevs v. Milyard, No. 12–cv–02532-BNB, 2013 WL 1151885 (D. Colo. Mar. 18, 2013) (order dismissing claims two, four, and five); Toevs v. Milyard, No. 12–cv–02532-REB-MEH (D. Colo. Oct. 30, 2013) (order granting summary judgment on remaining claims); 1 R. 191. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

Mr. Toevs sued the defendants, various officials at Sterling Correctional Facility (SCF) in Sterling, Colorado, under 42 U.S.C. § 1983, alleging (1) retaliation for his exercise of free speech; (2) denial of access to the courts; (3) denial of his right to send and receive mail; (4) denial of equal protection; and (5) cruel and unusual punishment. 1 R. 39-46.

Mr. Toevs's first claim stemmed from a meeting about SCF's Incentive Pod (I-Pod), a housing unit where inmates are afforded extra privileges for sustained good behavior. Toevs, 2013 WL 1151885, at *1; see also Toevs v. Reid, 685 F.3d 903, 908 (10th Cir. 2012) (indicating that Mr. Toevs was released from administrative segregation into the general population in March 2009). SCF's warden, Kevin Milyard, discussed several I-Pod issues, which Mr. Toevs thought amounted to telling I-Pod inmates they were "subject to a higher standard which included being held accountable for the behavior of others." 1 R. 130. The warden stopped to ask Mr. Toevs, "Do you have a problem with that?" Id. at 39.

Mr. Toevs responded, "Yes, actually I do." Id. Mr. Toevs was ordered to leave the meeting and was removed from I-Pod at the warden's discretion. Id. His removal—and three-week placement in solitary conditions—was in retaliation for exercising his right to free speech, he alleged. Id. at 39-40.

His second claim challenged SCF's grievance system, alleging that procedural inadequacies prevented inmates from bringing claims to court. 1 R. 41. Specifically, he listed three claims that he would have grieved but for the prison's failure to respond to his requests for grievance forms and failure to respond to a grievance he did file. Id.

His third claim challenged SCF's mail-screening procedure, alleging that the prison confiscated and destroyed "any mail which can be construed as critical of its policies or intended to expose abuses at the facility." Id. at 42. He alleged that he responded to a request by the Colorado Prison Law Project (CPLP) for information concerning the conditions at SCF. Id. He attempted to mail CPLP a packet of information regarding his claims as well as legal documents "bearing the names of inmates other than [himself]." Id. SCF confiscated the packet on its way out, responding that it contained "legal mail not of the senders." Id. Additionally, Mr. Toevs alleged he received notice of a letter sent to him by an attorney who was assisting him; however, SCF intercepted the letter because it contained "other offender's legal work." Id.

His fourth claim challenged SCF's housing-assignment policy, alleging that

the prison placed similarly situated inmates in markedly different housing conditions based on the "luck of the draw." Id. at 43. He alleged that his arbitrary placement in Building 4-B allowed him one and one-half to two hours of out-of-cell time per day, whereas similarly situated inmates—"same custody level," "same sentences," "same crime"—in Building 3 were allowed over thirteen hours of out-of-cell time per day. Id. This disparate treatment continued until he was returned to I-Pod in November 2012; however, he remained subject to arbitrary treatment because his I-Pod placement was subject to "staff's discretion." Id.

His final claim alleged that the cumulative effect of these policies "result[ed] in heightened inmate aggression and increased staff abuse." Id. at 44. Specifically, SCF's "speech suppression" and housing policies resulted in an "increasingly violent and progressively perilous environment to both inmates and staff." Id. at 45. The prison was a tinderbox, he alleged, posing the substantial risk that he could be seriously harmed in an outbreak of violence at any moment. Id. He also alleged that SCF's "zero tolerance" policy in the dining hall resulted in him being denied nine consecutive meals over a three-day period. Id. at 46.

On March 18, 2013, the district court conducted an initial review of the amended complaint and dismissed claims two, four, and five as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). Toevs, 2013 WL 1151885, at *5. Claims one and three were referred to a magistrate judge for further proceedings. Id. On

- 4 -

August 1, 2013, the magistrate judge recommended that the defendants' Motion to Dismiss or Motion for Summary Judgment be granted. 1 R. 173. Specifically, the court found that the Eleventh Amendment barred claims one and three to the extent they sought money damages against the defendants in their official capacities, but that the court had jurisdiction to the extent they sought injunctive relief. Id. at 167-68. However, the magistrate judge concluded that Mr. Toevs failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and therefore recommended granting the defendants' motion for summary judgment. Id. at 170-73. On October 30, 2013, the district court adopted the magistrate judge's recommendation and in pertinent part dismissed Mr. Toevs's remaining claims (other than for money damages, which were dismissed with prejudice) without prejudice. Id. at 193-94. Mr. Toevs appealed to this court.

Discussion

We have construed Mr. Toevs amended complaint liberally, mindful that the rules of procedure apply to all and we may not act as an advocate for a pro se litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

1.    Failure to Exhaust Available Administrative Remedies

We review a grant of summary judgment de novo, applying the same legal

- 5 -

standard used by the district court. Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003). In response to a properly supported summary judgment motion, the nonmovant must present specific facts by affidavit or other evidence that demonstrate a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1)(A).

Mr. Toevs argues that the district court failed to give his pleadings a liberal construction when it held that he failed to exhaust available administrative remedies. Aplt. Br. 6-7, 9. He argues that he exhausted his available administrative remedies because he "checked the box" indicating proper exhaustion on his sworn complaint. Aplt. Br. 3. Accordingly, his "sworn assertion" creates a genuine dispute of material fact regarding exhaustion, he argues. Id. at 4, 5, 10, 11.

We disagree. What constitutes proper exhaustion under the PLRA is generally a legal conclusion. Legal conclusions, even if made in affidavit form, are not enough to defeat summary judgment. See Morgan v. Willingham, 424 F.2d 200, 202 (10th Cir. 1970). Mr. Toevs's belief that he exhausted cannot defeat summary judgment given uncontradicted evidence that he did not.

Turning to that evidence, the magistrate judge held that Mr. Toevs failed to exhaust his available administrative remedies as to both his first and third claims. 1 R. 169-73. Regarding the first claim—retaliation for exercise of free speech—Mr. Toevs's efforts to appeal his removal from I-Pod were insufficient to put the defendants on notice that he was claiming retaliation against First

Amendment activity.  Id. at 170-71.  Mr. Toevs contends that even though he did not use the word "retaliate" on his internal appeal form, his appeal set forth a "textbook description of retaliation."  Aplt. Br. 7-8.

While Mr. Toevs alerted prison officials to the negative action they took against him, he did not alert them to the basis on which he now challenges that action—removal because of protected speech.  Requiring proper exhaustion ensures that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Jones v. Bock, 549 U.S. 199, 204 (2007).  While a prisoner need not allege any particular legal theory, his grievance must be particular enough as to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit."  Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004).  Even affording a liberal construction, Mr. Toevs's statements simply did not indicate that he was removed from I-Pod due to protected speech.  Instead, he inquired, "I'd like to know exactly what I did wrong, why I was removed from the I-Pod . . . and why I'm housed in 1-A as if I've been convicted of a write up."  1 R. 130.  His First Amendment claim is therefore unexhausted.

As an alternative, Mr. Toevs argues that the procedure for grieving retaliatory housing placement is unavailable because it presents a Catch 22: he attempted to file a grievance challenging his removal from I-Pod but was

informed that "I-Pod placement is a classification issue." Aplt. Br. 4, 19; see also 1 R. 169-70. But when he attempted to file a "classification appeal" challenging his removal, he learned that "retaliation" is the sole province of the grievance procedure, which cannot be used to challenge I-Pod placement. Aplt. Br. at 7-8.

Exhaustion of administrative remedies is required "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). Even where matters are expressly "'non-grievable' under prison policy," if prison authorities nonetheless "have the power to render some of the relief requested," then exhaustion of administrative remedies is required. Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 (10th Cir. 2003). In this case, SCF officials had the power to render the relief Mr. Toevs requests (although at the time he only requested "to know exactly what [he] did wrong," 1 R. 130) yet he failed to alert officials to the free speech basis of his claim. He has thus failed to exhaust his first claim.

Regarding claim three—denial of right to send and receive mail—the magistrate judge determined that Mr. Toevs failed to grieve either of the incidents he cited in his complaint: (1) the denial of his right to send mail to CPLP and (2) the denial of his right to receive mail from an assisting attorney. 1 R. 172. The court noted that, although Mr. Toevs provided evidence showing that he completed SCF's grievance process for mail sent in November 2010, the two incidents cited in claim three occurred in 2012 and were not grieved. Id.; see id.

at 42.

Mr. Toevs concedes that he did not grieve the "specific claims" raised, but he argues that exhaustion was not necessary because his November 2010 grievance challenged an "ongoing policy problem," i.e., the denial of the right to send and receive mail that contained "other offenders' legal work." Aplt. Br. 13-14. We express no opinion on this "continuing violation" theory, but one thing is apparent: Mr. Toevs cannot assert a "continuing violation" theory for the first time on appeal. Instead of placing SCF on notice of the continuing nature of his claim, his 2010 grievance simply alleged one discrete harm—the denial of his right to send legal mail to a fellow inmate—and sought reimbursement of "$1,000 for [his] time, expenses and expertise." 1 R. 132. He made no effort to inform prison officials that his 2012 claims were related to his grieved 2010 claim. Those claims are therefore unexhausted.

Mr. Toevs's allegation that he was "threatened" against grieving his 2012 claims is a stretch. See Aplt. Br. 14. Prison staff did not "threaten him with [disciplinary] action for implementing the grievance process," 1 R. 138, but rather rebuked him for his "inappropriate" request for $1000 in his previous grievance, id. at 133.

2.      Dismissal of Frivolous Claims

Mr. Toevs challenges the district court's early dismissal of his equal protection (fourth), cruel and unusual punishment (fifth), and access to the courts

(second) claims as frivolous. Aplt. Br. 15-28.

First, we agree with the district court's dismissal of Mr. Toevs's equal protection claim, but for a different reason. In this complaint, Mr. Toevs alleged disparate treatment while housed in Building 4-B; however, at the time he filed his complaint he had apparently been returned to I-Pod. See 1 R. 43. Transfer generally moots an inmate's claims for remedies of declaratory and injunctive relief. Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997). Because Mr. Toevs now only seeks injunctive relief,[1] his claim that his time in Building 4-B denied him equal protection is moot. Moreover, his claim that he is at risk of being removed from I-Pod based on "staff's discretion" is too speculative to form the basis of injunctive relief. See City of L.A. v. Lyons, 461 U.S. 95, 111 (1983).

We turn to Mr. Toevs's cruel-and-unusual-punishment claim. Prison officials violate the Eighth Amendment only when two requirements are met: "First, the deprivation alleged must be, objectively, sufficiently serious"; that is, it must constitute a "denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, "a prison official must have a sufficiently culpable state of mind"; in "prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and

---

[1] On appeal, Mr. Toevs does not challenge the district court's dismissal of his claims for monetary damages.

citations omitted). The test for "deliberate indifference" is "subjective recklessness"; that is, prison officials must possess an actual "consciousness of a risk" to prisoner health and safety. Id. at 839-40.

We have reviewed Mr. Toevs's allegations and agree with the district court that Mr. Toevs's disagreement with his conditions of confinement is insufficient to state a claim absent facts suggesting an objectively serious problem and a culpable state of mind on the part of prison officials. A one-time denial of "nine consecutive meals" during a three-day period for various mess hall infractions simply does not rise to the level of a constitutional violation in the absence of any lasting harm or injury and a culpable state of mind. Likewise, the allegation that SCF's policies and procedures create unsafe conditions at SCF simply is too speculative to meet the above test.

Finally, we reject Mr. Toevs's argument that the district court erred in rejecting his access-to-the-courts claim. Mr. Toevs's access-to-the-courts claim is, in reality, a claim that administrative remedies were "unavailable." See 1 R. 41. He alleged that he was "unable to exhaust" administrative remedies because he was not provided with grievance forms on request and did not receive a response to a filed grievance. Id. Of course, a prisoner is only required to exhaust those remedies that are "available" to him. 42 U.S.C. § 1997e(a). But SCF's failure to provide Mr. Toevs grievance forms and respond to his grievances did not deny him access to the courts because he nowhere alleges that SCF

prevented him from preparing initial pleadings in a civil action regarding his confinement or a petition for a writ of habeas corpus.  See Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995).  He therefore fails to state a claim for a violation of his right to access to the courts.

AFFIRMED.[2]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2]  Mr. Toevs was granted leave to proceed in forma pauperis below, 1 R. 5, and we allow his status to carry over on appeal under Fed. R. App. P. 24(a)(3).