### COMMONWEALTH OF VIRGINIA

v.

### William H. HARVEY, Jr.

### Crim. No. 83–00071–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 23, 1983.

Gregory Welsh, Asst. U.S. Atty., Richmond, Va., for Com. of Va.

## ORDER

WARRINER, District Judge.

The petition for removal filed herein on 5 August 1983 is DENIED.

The defendant, SFG Walter H. Harvey, Jr., USMC, is stationed at the Marine Aviation Detachment, Patuxent River, Maryland. On 29 April 1983 he received travel orders to the Naval Air Rework Facility at Cherry Point, North Carolina, for a four-week course in aircraft maintenance and repair. Defendant's travel orders authorized him to rent a car, and having done so, he was driving en route to Cherry Point through Hanover County, Virginia, where he was involved in a traffic accident. Defendant was originally charged with involuntary manslaughter and reckless driving, but on 28 July 1983, the Commonwealth Attorney entered a *nolle prosequi* as to the latter charge. The charge of involuntary manslaughter, however, was certified to the grand jury at the preliminary hearing. The United States petitioned this Court, pursuant to 28 U.S.C. §§ 1442(a) and 1446, for removal to federal district court relying on *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

My reading of *Willingham v. Morgan* leads me to conclude that military officers traveling singly under orders from one duty post to another are not "under color of office." Willingham is replete with indications that there should be some connection between the act causing the complaint or charge and the office or duty of the federal official. In this case Harvey was under no duty to drive an automobile through Hanover County. His duty was merely to proceed from one place of duty to another and he was authorized in so doing to use an automobile. Thus his presence in Hanover County operating an automobile was a matter of his individual choice. It was not a necessary consequence of official duty.

Further, as the concurring opinion of Justice Black noted, there are strong indications in the majority opinion that the fact that the federal official was acting under color of office should in some way be connected with his defense. In this case, no suggestion of such a defense arises from the materials furnished me by the government.

In support of Justice Black's reading of the opinion the majority says on page 405, 89 S.Ct. at 1815 that one of the purposes of Section 1442(a) was to provide a federal forum for cases where federal officials may raise defenses arising from their official duties. On page 406, 89 S.Ct. at 1815 the Court states that federal jurisdiction rests on the very basic interest in the enforcement of federal law through federal officials. And the Court says at pages 406–407, 89 S.Ct. at 1815–1816, in effect, that at the very least the statute is applicable where federal officers can raise a colorable defense arising out of their duty to enforce the law and that the validity of such a federal defense should be tried in federal court.

The fairly lenient connection, paraphrased above, between federal official duties and the claim in Willingham's civil case was contrasted with the "more detailed" showing necessary where the removed case is, as here a criminal case. See n. 4.

The United States has military personnel as well as civilian officials moving far and wide across the nation at all times. At any one time there must be literally thousands of federal officials traveling on official business so as to reach a point where their work requires them to be. The very dearth of cases supporting removability of criminal prosecutions against such persons charged in traffic violations, from speeding tickets, to reckless driving, to manslaughter, supports my view that such cases are not per se removable. If they were, federal district courts would be trying large numbers of speeding tickets on a daily basis. We would become a traffic court for federal employees.

For the foregoing reasons the petition has been DENIED.

And it is so ORDERED.