**PEOPLE OF PUERTO RICO, Plaintiff,**

v.

**Ismael SANTOS–MARRERO, Defendant.**

**Crim. No. 85–0450(RLA).**

United States District Court,
D. Puerto Rico.

Dec. 12, 1985.

Esteban J. Nuñez-Hoyo, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for plaintiff.

Osvaldo Carlo-Linares, Asst. U.S. Atty., U.S. Dept. of Justice, Federal Office Building, Hato Rey, P.R., for defendant.

AMENDED OPINION AND ORDER [1]

ACOSTA, District Judge.

Defendant petitioned removal pursuant to 28 U.S.C. § 1442a of criminal proceedings instituted in the State court against him for alleged violation of the Puerto Rico traffic statutes.

An evidentiary hearing was held on November 26, 1985 under the provisions of 28 U.S.C. § 1446(c)(5). The Court, having reviewed the evidence and testimony presented, as well as the memoranda submitted by both parties, hereby finds as follows.

Ismael Santos-Marrero (hereinafter referred to as "Santos-Marrero") is currently a member of the United States Army Reserve. His company is stationed in Buchanan, Cataño, Puerto Rico.

On September 27, 1985, while on active duty, Santos-Marrero was ordered to drive a military twenty-ton truck from Salinas to Cataño as part of a three-truck convoy. Santos-Marrero was specifically given orders as to the route to follow on his way to the company base. On the exit from the

---

1. It appearing our Opinion and Order of December 3, 1985 was based exclusively on 28 U.S.C. § 1442, the general removal statute for federal officers, it is hereby amended to include the provisions of section 1442a pertaining to military officers.

highway to Cataño, within the route he was ordered to take, defendant was involved in a traffic accident with an automobile driven by a Puerto Rico police officer.

The military vehicles, which were being used in a project in the southern part of the island, were being taken to the company's home base for maintenance over the weekend.

As a result of the collision, defendant was charged with reckless driving in the District Court of Puerto Rico, Cataño Part, which prompted the petition for removal presently under consideration.

## ARGUMENT

Criminal actions instituted in State courts are removable to the federal forum under 28 U.S.C. § 1442, which, where pertinent, reads as follows:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Title 28 U.S.C. sec. 1442a provides for the removal of State criminal charges brought against members of the armed forces. It reads as follows:

A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for

the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

Military personnel may request removal under either section 1442 or 1442a since they are "officers of the United States". *1A Moore's Federal Practice*, para. 0.164/1/, p. 382 (footnote omitted).

The criteria utilized to determine whether or not the criminal proceedings should be continued in the federal system is essentially the same under both removal statutes.

"The language in § 1442a, which deals with removal by members of the armed forces, is comparable to that of paragraph (1) of · § 1442(a)". *1A Moore's Federal Practice*, para. 0.164/2/, p. 395 (footnote omitted).

In establishing the guidelines for removal, the Supreme Court has stated:

There must be causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him for whatever offense has arisen out of the acts done by him under color of federal authority and in the enforcement of federal law ... It is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution.

*State of Maryland v. Soper*, 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926).

It further held: "It is enough if the prosecution ... is based on or arises out of the acts he did under authority of federal law in the discharge of his duty and only by reason thereof." *Id.* at 33, 46 S.Ct. at 190.

The removal provision responds to the federal supremacy in that the government can only act through its individual officials. By allowing the federal court to preside

over their prosecution, the federal employees are protected "from interference by hostile State courts." *Willingham v. Morgan,* 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969).

In *Com. of Pennsylvania v. Newcomer,* 618 F.2d 246 (3d Cir.1980), the Court of Appeals found that criminal proceedings brought against a postal employee for vehicular homicide were properly removed in that there existed "the necessary causal connection ... between his federal authority to drive a postal truck and the facts involved in the accident which are the basis for the ... prosecution, acts which occurred while he was acting as an employee of the postal service, while driving a postal truck, within the scope of his office." *Id.* at 250.

Plaintiff has cited *State of Ohio v. Dorko,* 247 F.Supp. 866 (N.D.Ohio 1965), which makes reference to various cases in which removal was denied. However, as the Court observed in *Com. of Pennsylvania, supra,* 618 F.2d at 250: "[T]hese cases preceded *Willingham v. Morgan.* Moreover, these cases typically were influenced by the absence of a federal defense raised by the defendant." We also agree with the assessment by the Third Circuit Court of Appeals that allegation of a federal defense is not essential for removal and that the original removal statutes were enacted not so much to provide federal forums for federal defenses, as to protect federal officers from interference with the operations of federal government by the State.

In *Application of Donovan,* 601 F.Supp. 574 (S.D.N.Y.1985), the Court declined to allow the removal finding that the State prosecution against the Secretary of Labor for alleged fraud before he was appointed Secretary and continuing thereafter "in no way pertain to his performance of official duties; nor do his duties as Secretary of Labor provide any explanation or excuse for the crimes charged." *Id.* at 580.

A criminal prosecution instituted against a regional office of the United States Postal Service for alleged zoning violations was found to be covered by the criminal removal provisions "[s]ince the conduct which formed the basis of this criminal action, the clearing of land for the construction of a post office facility, was clearly performed under color of federal authority, the provisions of § 1442(a)(1) ..." *Middletown TP. v. N/E Reg. Off., U.S. Postal Serv.,* 601 F.Supp. 125, 127 (D.N.J.1985).

A removal petition of State charges brought against a military officer for involuntary manslaughter was denied in *Com. of Virginia v. Harvey,* 571 F.Supp. 464 (E.D.Va.1983). The defendant had been given travel orders to report to another base for a four-week course. While en route to the course in a rented vehicle, the defendant was involved in a traffic accident. His orders authorized the traveling in a rented automobile.

The Court found that, at the time the accident took place, the officer was not "under color of office." It went on to hold that there was missing the necessary connection between the act giving rise to the charges and his office or duty. It stated:

> In this case /the defendant/ was under no duty to drive an automobile through Hanover County. His duty was merely to proceed from one place of duty to another and he was authorized in so doing to use an automobile. His presence in Hanover County operating an automobile was a matter of his individual choice. It was not a necessary consequence of official duty."

*Id.* at 465.

Given the particular circumstances present in the case before us, we find the criminal charges brought against Santos-Marrero fall within the scope of 28 U.S.C. § 1442a. The traffic accident occurred while Santos-Marrero was on active duty driving a military vehicle under specific orders to reach a particular destination on a given date, as well as to follow a particular route. His presence at the scene of the accident was not a result of his individual choice, but a direct consequence of orders from his superiors. The prosecution, under these circumstances, arises out of his conduct while under federal authority and only

by reason of the discharge of his duty. Accordingly, there is a direct causal connection between defendant's driving under official duty and the prosecution.

In its memorandum of law, plaintiff urges the Court to apply the doctrine of abstention in this case. In response, the Court states that in no case considering the application of either 28 U.S.C. § 1442 or § 1442a has the doctrine of abstention been even remotely mentioned. Plaintiff also urges the Court, in effect, to forego the interpretation and application of a federal statute because of the "very special relationship" between Puerto Rico and the United States.

It has been held that under its Commonwealth status, "Puerto Rico, like a state, is an autonomous political entity, 'sovereign over matters not ruled by the Constitution of the United States'." *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 8, 102 S.Ct. 2194, 2199, 72 L.Ed.2d 628 (1982) [*quoting Mora v. Mejias*, 115 F.Supp. 610, 612 (D.P.R.1953)].

The Court in *United States v. Quiñones*, 758 F.2d 40, 43 (1st Cir.1985), held that "[w]hile the creation of the Commonwealth granted Puerto Rico authority over its own local affairs, Congress maintains similar powers over Puerto Rico as it possesses over the federal states." It further held as follows:

> The congressional intent behind the approval of the Puerto Rico Constitution was that the Constitution would operate to organize a local government and its adoption would *in no way alter the applicability of United States laws and federal jurisdiction in Puerto Rico* ... When Congress approved the Constitution of Puerto Rico it was simultaneously enacted: "The statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, *shall have the same force and effect in Puerto Rico as in the United States* ..."

*Id.* at 43 (citations omitted, underline supplied).

 In light of the above, the operation of 28 U.S.C. § 1442 must be treated in Puerto Rico no differently than it would be in the fifty States of the Union.

### CONCLUSION

Based on the foregoing, the petition for removal filed on November 1, 1985 by defendant Santos-Marrero is hereby granted.

It is further ORDERED that, pursuant to the provisions of 28 U.S.C. § 1446(c)(5), the District Court of Puerto Rico, Cataño Part, stay all proceedings in *People of Puerto Rico v. Ismael Santos Marrero*, Cr. 85–637.

It is further ORDERED that this case be referred to the United States Magistrate for disposition pursuant to the provisions of Rule 507.1(A) of the Local Rules of this Court and 18 U.S.C. § 3401.

IT IS SO ORDERED.