**STATE OF GEORGIA, Plaintiff,**

v.

**James Gary WALLER, Defendant.**

**Civ. A. No. 87–100–1–MAC (WDO).**

United States District Court, M.D. Georgia,

June 1, 1987.

---

Darryl Robinson, Atlanta, Ga., Richard L. Bridges, Thomaston, Ga., for plaintiff.

Michael P. Katz, Zebulon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Presently before the court is petitioner James Gary Waller's petition to remove the pending criminal prosecution for driving under the influence of intoxicants, brought in the Probate Court of Upson County, Thomaston, Georgia, to this court. Petitioner contends that 28 U.S.C. § 1442 provides this court with subject matter jurisdiction to entertain this criminal prosecution. This section provides in relevant part that,

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

In order to actually remove a state criminal prosecution to this court a defendant must comply with the procedural requirements set forth in 28 U.S.C. § 1446 (West 1973 & Supp. 1987). This section requires that,

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) ...

(c)(1) A petition for removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the petitioner leave to file the petition at a later time.

(2) A petition for removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing of the petition shall constitute a waiver of such grounds, and a second petition may be filed only on grounds not existing at the time of the original petition. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

**954**

(3) The filing of a petition for removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the petition is first denied.

(4) The United States District court to which such petition is directed shall examine the petition promptly. If it clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted, the court shall make an order for its summary dismissal.

Petitioner has filed a short and plain statement of the facts which he alleges entitles him to remove his criminal prosecution to this court. The court, for purposes of this motion, assumes those statements set out to be true. The relevant facts appear to be;

(1) that James Gary Waller is a substitute rural mail carrier employed by the United States Postal Service;

(2) that on February 11, 1987, while delivering mail for the United States Postal Service, petitioner was arrested and charged with driving under the influence of alcohol pursuant to O.C.G.A. 40–6–391 (Michie 1982).

■ Petitioner contends that these facts are sufficient to find that he was arrested for doing an act under color of his office as a United States postal carrier, and, thus, is entitled to have his criminal prosecution heard before this court. While the court agrees with petitioner that the language of 28 U.S.C. § 1442(a)(1) should be given a broad interpretation by this court whenever such an interpretation is required to prevent federal officers or persons acting under their direction from being tried in state courts for acts done within the scope of their federal employment, the court finds that in this case petitioner's criminal charges do not stem from any acts done within the scope of his federal employment.

■ In order to remove a case to federal court under 28 U.S.C. § 1442(a)(1), the petitioner must meet the "color of office" test.

This test requires a showing of a "... 'causal connection' between the charged conduct and asserted official authority." See *Willingham v. Morgan*, 395 U.S. 402, 409, 89 S.Ct. 1813, 1817, 23 L.Ed.2d 396. The charged conduct in this case is the alleged operation of a postal vehicle while under the influence of intoxicants. The office or duty of petitioner as a federal postal carrier required him to operate a United States postal vehicle on the roads of this state. Petitioner's duty, however, did not require, nor even permit, petitioner to use intoxicants while on the job. See affidavit of David Allen Patton, III, Postmaster assigned to the post office in Thomaston. There is, therefore, no causal connection between the petitioner's official acts and the criminal allegations he is charged with under state law.

While this court's conclusion might be different if this were a civil case wherein the United States government was alleged to be liable for damage caused by the criminal acts of this employee, the federal government's interest in having petitioner tried in this court is so remote, compared to the state's interest in safeguarding the public from dangerous drivers, that this court must conclude that 28 U.S.C. § 1442 does not afford petitioner jurisdiction to remove the state criminal prosecution to this court. To hold that this court would have jurisdiction over any state criminal offense merely because it was committed by a federal official while on duty would have the effect of turning this court into a traffic court for federal employees. See *Commonwealth of Virginia v. Harvey*, 571 F.Supp. 464, 465 (E.D. Va. 1983). This result was not envisioned by Congress when it passed 28 U.S.C. § 1442.

Accordingly, James Gary Waller's petition to remove the pending state criminal prosecution is hereby summarily DISMISSED. Because the state court never lost jurisdiction over this matter, see 28 U.S.C. § 1446(c)(3), no order remanding this case to the state court is required.