**PEOPLE of the State of Illinois, Plaintiff,**

v.

**Robert C. ZIDEK, Defendant.**

**No. 88 C 3621.**

United States District Court, N.D. Illinois, E.D.

Aug. 23, 1988.

---

Richard M. Daley, State's Atty. of Cook County by Nancy Martin, Asst. State's Atty., Chicago, Ill., for plaintiff.

Thomas J. Sullivan, Evergreen Park, Ill., for defendant.

## ORDER

BUA, District Judge.

In a case initiated in the Circuit Court of Cook County, defendant Robert Zidek faces charges of driving under the influence of alcohol, improper lane usage, failure to submit to a BAC test, and battery. Zidek now petitions to remove his case to federal court. The State of Illinois counters with a petition for remand. Unpersuaded by Zidek's arguments for removal, this court grants the State's petition for remand.

Zidek, an agent of the Internal Revenue Service, seeks removal of his case pursuant to 28 U.S.C. § 1442(a)(1) (1982). This statute provides for removal of cases involving a federal officer's acts "under color of office." Zidek claims that he engaged in the alleged criminal conduct during an official investigation into the tax liability of exotic dancers. Zidek's supervisor, however, neither knew of nor authorized any such investigation. In any event, even if Zidek actually was conducting a federal investigation at the time of his arrest, he has failed to establish a nexus between the investigation and his alleged criminal acts. To qualify for removal under 28 U.S.C. § 1442(a)(1), a federal officer must show a causal connection between his official authority and the conduct with which he is charged. *Willingham v. Morgan,* 395 U.S. 402, 409, 89 S.Ct. 1813, 1817, 23 L.Ed.2d 396 (1969); *Maryland v. Soper (No. 1),* 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926). Zidek cannot possibly demonstrate that his federal duties required him to drive while intoxicated. *See Morgan v. California,* 743 F.2d 728, 733 (9th Cir.1984); *Georgia v. Waller,* 660 F.Supp. 952, 954 (M.D.Ga.1987). Because Zidek did not act under color of office when he committed the alleged criminal acts, he is not entitled to removal. Therefore, this court remands Zidek's case to the Circuit Court of Cook County.